88 N.J. Super. 546 (1965)
212 A.2d 869
STATE OF NEW JERSEY, PLAINTIFF,
v.
NETTIE SIBILIA, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Law Division  Criminal.
Decided August 3, 1965.
*548 Mr. Andrew F. Zazzali, Jr., assistant prosecutor, for plaintiff (Mr. Brendan T. Byrne, County Prosecutor, attorney).
Mr. William P. Ries, attorney for defendant.
GLICKENHAUS, J.S.C. (temporarily assigned).
This matter came before the court on motion to dismiss the indictment.
Nettie Sibilia was requested to appear and testify before the grand jury of Essex County which subsequently indicted her for violation of N.J.S. 2A:111-1, obtaining money under false pretense. The prosecutor who examined her before the grand jury did not advise her of her privilege to refuse to answer questions which might incriminate her. United States Constitution, Amendment V; Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964); N.J.S. 2A:84A-19. The narrow issue presented is: Was the failure on the part of the prosecutor to advise defendant of her rights under the United States Constitution and the Evidence Act of this State fatal to the indictment subsequently returned against her so as to call for its dismissal?
No formal charge was outstanding against defendant at the time she appeared before the grand jury. However, an informal complaint apparently had been made against her. It is therefore agreed that if the subject matter of the grand jury's investigation were general in its scope, the failure on the part of the prosecutor to advise the witness of her privilege not to answer incriminating questions, if she so chose, would not affect the validity of the indictment. State v. Fary, 19 N.J. 431 (1955); State v. Browning, 19 N.J. 424 (1955). On the other hand, if the grand jury's investigation were devoted to an inquiry as to a particular transaction, concerning *549 which defendant was a target for indictment, the indictment must fall, even if no formal complaint were outstanding against defendant at the time. State v. Fary, supra; State v. Browning, supra; State v. DeCola, 33 N.J. 335, 342 (1960).
In order to sustain the indictment, the State contends that the subject matter of the grand jury's investigation was general. The record of the grand jury minutes, however, does not support such a contention. The record indicates that the subject matter under investigation was the circumstances related to Mrs. Sibilia's accepting money on the pretense that she could obtain the release of an individual from the Essex County jail. Although other parties may have been mentioned as having taken part in this single transaction, it is sufficiently clear that the "scope of the inquiry" was directed against defendant as a target "even though perchance she was not to be the bulls eye." People v. DeFeo, 284 App. Div. 622, 131 N.Y.S.2d 806 (App. Div. 1954), reversed on other grounds 308 N.Y. 595, 127 N.E.2d 592 (Ct. App. 1955).
That the prosecutor clearly intended the witness to be called so that she might be indicted is made also sufficiently clear by the following testimony of the assistant prosecutor who presented the case before the grand jury, and who testified before me on defendant's motion to dismiss the indictment:
"I knew there was a possibility that she might be charged and I have to put it that way because at the time there was no statute applicable, and eventually it was determined that a charge would be brought against Mrs. Sibilia under receiving money under false pretenses, because we couldn't find any statute that applied, and I was considering charging her under the Disorderly Persons Act. I did not know she would be indicted, but I did want to charge her with something, yes." (Emphasis supplied)
Even aside from the prosecutor's indication of his subjective intention to charge defendant with a crime (which is not always controlling, People v. DeFeo, supra), the record permits but one conclusion: that defendant was called so *550 that a criminal charge may have been made against her. In such circumstances the duty to warn the witness of her privilege is mandatory. State v. Fary, supra; State v. Browning, supra; State v. DeCola, supra; People v. Schneider, 133 Colo. 173, 292 P.2d 982 (Sup. Ct. 1956); People v. Laino, 10 N.Y.2d 161, 218 N.Y.S.2d 647, 176 N.E.2d 571 (Ct. App. 1961); People v. Vosburg, 193 N.Y.S.2d 158 (Cty. Ct. 1959); People v. Dudish, 5 Misc.2d 856, 166 N.Y.S.2d 810 (Cty. Ct. 1957); Jenkins v. State, 65 Ga. App. 16, 14 S.E.2d 594 (Ct. App. 1941).
In order to meet this requirement, the State contends that defendant was sufficiently put on notice of her rights by being presented with a waiver of immunity form. The record discloses defendant neither knew nor understood the meaning of the waiver, and accordingly I find she was not sufficiently noticed of her right not to answer incriminating questions.
The record also indicates the following colloquy between the assistant prosecutor and defendant:
"Q. Mrs. Sibilea, why did you refuse to give a statement to Detective Graham if you know nothing about this matter?
A. I don't believe I refused to talk to him. Whatever he asked me I answered to the best of my knowledge.
Q. But you wouldn't sign a written statement, would you?
A. No. I don't see why I should. I don't see why I am even implicated.
Q. Why wouldn't you sign a Waiver of Immunity?
A. Maybe I don't understand enough about it. I don't know if I would be signing right or wrong, so I don't want to sign anything."
These questions by the assistant prosecutor were entirely improper and could only have been calculated to prejudice defendant before the grand jury. Defendant had a perfect right not to sign a written statement or sign a waiver of immunity. The evidence is clear from her testimony that she failed to understand the significance of the waiver. The grand jury exists as part of our jurisprudence, not only as a sword so that those who are suspect of wrongdoing may be properly brought to trial, but also as a shield to protect the people from *551 arbitrary prosecution. The prosecutor must act fairly and not take advantage of witnesses who are not represented by counsel, and who more frequently than not are unaware of their constitutional rights. Similar conduct on the part of the prosecutor has been grounds for dismissal of indictment outside our State. United States v. DiGrazia, 213 F. Supp. 232 (N.D. Ill. 1963).
Next, the State contends that a witness' privilege not to answer questions which might incriminate her before the grand jury is a purely personal privilege and must be interposed after each question, citing State v. Fary, supra. True, the privilege is personal, State v. Fary, supra, and must be interposed by the witness. In re Pillo, 11 N.J. 8 (1952). But that still does not dispel the fact that defendant was not warned of her privilege, at a time when she was a target of an inquiry based on an alleged criminal act.
Lastly, the State argues that defendant in fact gave no incriminating evidence before the grand jury or, in the alternative, there were other witnesses who furnished sufficient evidence to justify the return of the indictment.
I find, after a careful examination of the grand jury minutes, that there is no doubt that defendant may have given evidence which would tend to incriminate her. As to whether the grand jury would have returned an indictment against her solely on the testimony of the other witnesses is purely speculative. United States v. DiGrazia, and Jenkins v. State, supra.
I have no alternative but to dismiss the indictment. An appropriate order may be submitted.