118 N.J. Super. 393 (1972)
288 A.2d 41
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MICHAEL J. STAVOLA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 23, 1972.
Decided March 8, 1972.
*394 Before Judges LEWIS, HALPERN and LORA.
Mr. Edward Roy Rosen, Assistant Prosecutor, argued the cause for appellant (Mr. Vincent P. Keuper, Monmouth County Prosecutor, Attorney).
Mr. Justin P. Walder argued the cause for respondent (Messrs. Schapira, Steiner and Walder, Attorneys; Mr. Jeffrey Barton Cahn, on the brief).
PER CURIAM.
The State appeals from an order dismissing the two-count indictment against defendant charging him with (1) assaulting a police officer while in uniform and (2) hindering and interfering with a policeman.
The case arises out of an altercation between defendant and a police officer who had stopped a motor vehicle of a third party for a routine check. Defendant was arrested and held on bail for grand jury action. Subsequently defendant filed a complaint against the police officer charging him with assault and battery. He was represented by *395 counsel in the municipal court and throughout the entire proceedings.
About a year after the occurrence involved, defendant, without being subpoenaed, appeared before the grand jury to give his version of the incident. No waiver of immunity was requested nor was one signed by defendant. It is clear that his appearance before the grand jury was not only a voluntary one but was arranged for at the request of his then counsel.
After the grand jury had heard the testimony of the State's witnesses, defendant came into the grand jury room and the following questions were answered by him:
Q Mr. Stavola, you have a lawyer; haven't you?
A Yes, sir.
Q Did he explain to you that you do not have to testify before the Grand Jury?
A That I don't?
Q Yes, did he tell you that?
A Yes.
Q That you can not be compelled to testify. If you want to, all well and good, but you have the Constitutional right not to testify. Are you willing to waive your right, and tell your story?
A Yes, sir.
Q What happened on the night of October 27th, 1969; are you willing to tell the Grand Jury what happened concerning the altercation you had?
A Yes, sir.
Defendant then gave his version of the encounter with the police officer and his testimony was concluded with the following question by the prosecutor to the grand jurors:
Anything else that you want to ask Mr. Stavola? (No response.)
The Witness: I would be glad to answer any more questions.
Mr. Keuper: Apparently there are no other questions. (Witness excused.)
Thereafter a motion was filed to dismiss the indictment on the grounds that defendant's constitutional rights before *396 the grand jury had been violated. The court below, in dismissing the indictment, held defendant was the "target" of the grand jury investigation and, as such, should have been given full Miranda warnings; that the questions and answers set forth above did not adequately inform defendant of his constitutional rights.
Defendant counters the State's appeal with the contention that there can be no doubt he was a "target" before the grand jury and hence his constitutional rights, pursuant to the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, paragraph I of the New Jersey Constitution and the provisions of N.J.S.A. 2A:84A-17, were violated and as a result thereof the indictment was properly dismissed. He argues further that at no time was he warned or apprised as to the subject matter of the grand jury's investigation, his right to have counsel available to consult with at any time, that any statement he gave could be used against him, that he had the right to remain silent without suffering any penalty, and that he was not aware he had any of said rights before the grand jury.
Several New Jersey cases have explored the evolving panoply of rights to be accorded a target before the grand jury. See e.g., State v. Sarcone, 96 N.J. Super. 501 (Law Div. 1967); State v. Browning, 19 N.J. 424, 427 (1955); State v. Fary, 19 N.J. 431 (1957); State v. DeCola, 33 N.J. 335, 342 (1960), and State v. Sibilia, 88 N.J. Super. 546, 548-549 (Cty. Ct. 1965).
However, as stated above, the record supports our conclusion that defendant's counsel arranged with the prosecutor for defendant's voluntary appearance before the grand jury. His appearance, under the circumstances, constituted an effective waiver even though no signed waiver was obtained from him.
We are satisfied that when a prospective defendant is represented by counsel who requests permission for his client to appear before the grand jury, Miranda does not apply even though counsel was not present nor readily available *397 to be consulted during such interrogation. The philosophy of Miranda is to protect one from custodial interrogation without being first fully advised of his constitutional rights. We cannot conceive that Miranda is applicable to a case with a factual complex such as is here involved. Cf. State v. Williams, 59 N.J. 493 (1971).
It is our conclusion that defendant effectively waived his rights when he requested to voluntarily appear before the grand jury to relate his side of the story.
The order dismissing the indictment is reversed.