MARIE S. MORTON, Appellant, *v.* WILLIAM MEYER, Respondent.

Fourth Department, November 9, 1926.

Motor vehicles — action by plaintiff, guest in automobile, for injuries suffered when automobile collided with rear end of defendant's automobile — accident occurred in Syracuse at night — defendant's automobile was parked near curb but not parallel therewith — tail light on defendant's automobile was not lighted — manner of parking violated General Highway Traffic Law, § 15, subd. 5, and constituted prima facie negligence — error to direct verdict for defendant — jury should have been permitted to determine whether facts were as claimed by plaintiff and if so, whether negligence was sole or concurring proximate cause.

In an action by a guest in an automobile to recover injuries suffered when the automobile in which she was riding ran into the rear end of defendant's automobile, in which it appeared that the accident occurred in Syracuse in the night time and that defendant's automobile was parked on the street near the curb but not parallel therewith and was without a light on the rear, it was error for the court to direct a verdict for the defendant on the ground that no proof had been made from which the jury could find even concurring actionable negligence, for the manner of parking the automobile violated subdivision 5 of section 15 of the General Highway Traffic Law and in itself constituted *prima facie* evidence of actionable negligence and, therefore, it was for the jury to determine whether the facts were as plaintiff claimed in reference to the position of defendant's automobile and if so, whether or not the negligence of the defendant was the sole, or a concurring, proximate cause of the accident.

APPEAL by the plaintiff, Marie S. Morton, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Onondaga on the 3d day of March, 1926, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 24th day

of March, 1926, denying plaintiff's motion for a new trial made upon the minutes.

*Byrne & Byrne* [*Richard P. Byrne* of counsel], for the appellant.

*Bailey, Oot & Ryan* [*H. D. Bailey* of counsel], for the respondent.

PER CURIAM. Credible testimony was produced upon the trial herein to the following effect:

In the city of Syracuse, Croly street, Scottholm boulevard, Salt Springs road and East Genesee street form a junction. At about the center thereof a stationary electric flashlight several feet high stands embedded in the pavement. On the night of June 14, 1925, about two-thirty A. M., the respondent's automobile was parked on the northerly side of East Genesee street seventy to eighty feet westerly from said electric flashlight. The automobile was parked diagonally, facing northwesterly, with its right front wheel substantially next to the curb, and its right rear wheel about three feet from the curb. This automobile was of a dull color. Automobiles equipped with glaring headlights were proceeding easterly on East Genesee street at the time in question. A Buick coupe, driven by appellant's husband, Harry E. Morton, came from the easterly direction, turned to the right or northerly side of the electric flasher, and, proceeding westerly, collided with the rear end of respondent's automobile. Morton's headlights were lighted and there was no light upon the rear of respondent's car. Appellant, who was a passenger in Morton's automobile, received personal injuries. At the trial of the action, brought to recover damages for such personal injuries, a verdict was directed for respondent. The direction was upon the sole ground that no proof had been made from which the jury could find even concurring actionable negligence in the respondent.

Appellant is entitled to all reasonable intendments deducible from the testimony. Subdivision 5 of section 15 of the General Highway Traffic Law reads as follows: " Any vehicle when stopped parallel to the curb shall stop as near to the curb as practicable, with wheels, both front and rear, not more than six inches from the curb."

The testimony as to the manner in which respondent's car was parked furnished *prima facie* evidence of actionable negligence. (*Martin* v. *Herzog*, 228 N. Y. 164.) Therefore, it became the province of the jury to determine whether the facts were as appellant claimed, and if so, then to determine whether or not negligence of respondent was the sole, or a concurring, proximate cause of the collision.

The judgment and the order denying a motion for a new trial

upon the minutes of the court should be reversed upon the law and facts and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment and order reversed on the law and new trial granted, with costs to appellant to abide event.