JOHN FRAZIER, JR., an Infant, by ELIZABETH FRAZIER, His Guardian ad Litem, Respondent, *v.* FREDERICK REINMAN, an Infant, by FRED E. WENZEL, His Guardian ad Litem, Appellant.

Fourth Department, October 8, 1930.

*Fuller, Brown & Hubbard* and *Bradley Fuller*, for the appellant.

*Edmond J. Fitzgerald*, for the respondent.

THOMPSON, J. Plaintiff, an infant twelve years of age, while sliding down hill on a handsled on Jason street in the city of Utica, was struck and injured by defendant's automobile. Just prior to the accident defendant (aged twenty) was driving westerly on Erie street at a rate of speed of between eighteen and twenty-five miles per hour. As he approached the intersection of Jason street, his attention was attracted by two boys standing on the northerly

side of Erie street, slightly east of the intersection, and he blew his horn in warning. About opposite this point and on the southeast corner of the intersection there is a house with a small porch which forms an obstruction to the view of persons proceeding westerly on Erie street who desire to look up Jason street. After sounding this warning, and as he approached the intersection looking to his left, defendant saw two boys on handsleds " shoot out," as he termed it, from Jason street into Erie street, turning slightly towards the east. The street was icy and slippery. He sounded his horn and applied his brakes to no effect. The sled of the first boy was struck on the east side of the intersection and went up over the curb; the sled of the second boy (the plaintiff) was hit by the front left wheel of the automobile on the west side of the intersection, and the boy was injured. He has recovered a verdict of $500. The accident happened on January 3, 1929, and action was commenced on June 1, 1929.

It is conceded that neither Jason nor Erie streets had been designated by the common council, board of aldermen or commission of the city of Utica as streets upon which coasting was permitted, in pursuance of subdivision 4 of section 20 of the General Highway Traffic Law, which is as follows:

" § 20. Miscellaneous regulations. * * *

" 4. No person shall coast with handsleds, bobs, carts or other vehicles, on wheels or runners upon any public sidewalk in any city; nor shall any person coast with handsleds, bobs or carts or other vehicles on wheels or runners upon any public street of the city except upon such streets as may be designated by the common council, board of aldermen or commission thereof." (See, also, Vehicle and Traffic Law, § 89, subd. 7; Id. §§ 95, 99, 105, effective March 6, 1929; Id. § 88, subd. 5, as amd. by Laws of 1930, chap. 756, effective April 24, 1930; Gen. Constr. Law, § 93.)

It seems to us that plaintiff cannot recover, he being clearly guilty of a violation of this statute and the evidence conclusively establishing that his conduct in so doing was a proximate and effective cause of the accident. (*Martin* v. *Herzog*, 228 N. Y. 164; *Morton* v. *Meyer*, 218 App. Div. 216.)

Here is a case where the statute was designed to prevent the very injury suffered by the plaintiff. (1 Thomp. Neg. [2d ed.] §§ 11, 12; *Kavanagh* v. *N. Y., O. & W. R. Co.*, 196 App. Div. 384.) The doctrine of the last clear chance (*Davies* v. *Mann*, 10 M. & W. 546; 152 Eng. Rep. 588; 19 Eng. Rul. Cas. 190; *Woloszynowski* v. *N. Y. C. R. R. Co.*, 254 N. Y. 206) has no application for the defendant had no notice of plaintiff's presence or danger in time to have given him a chance for a decision or choice

possible to avert the accident. (*Bragg* v. *Central N. E. R. Co.*, 228 N. Y. 54, 57; *Wright* v. *Union R. Co.*, 224 App. Div. 55, 56.)

The judgment and order should be reversed and the complaint dismissed, with costs to appellant.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.