JOHN TYNE, SR., as Administrator, etc., of JOHN TYNE, JR., Appellant, *v.* THE B. F. GOODRICH COMPANY and STANTON G. DUNN, Respondents.

Fourth Department, June 30, 1937.

*Hampton H. Halsey*, for the appellant.

*Robert C. Winchell*, for the respondents.

LEWIS, J.   John Tyne, Jr., a boy ten years of age, met his death July 20, 1936, when he was struck by a truck owned by the corporate defendant and driven by its employee, the defendant Dunn.   Upon the trial of this action for damages resulting from his death a motion by defendants for a nonsuit and dismissal of the complaint was granted at the close of plaintiff's evidence upon the ground that the proof of record established contributory negligence by the decedent and failed to prove actionable negligence by the driver of defendant's truck.

Upon this appeal the defendants assert that the judgment of dismissal is adequately supported by proof that at the time of the accident the decedent was guilty of a breach of statutory duty in that he was then engaged in " coasting " in violation of section 88, subdivision 5, of the Vehicle and Traffic Law (Laws of 1930, chap. 756, § 3), and that such statutory violation was the proximate cause of his death.   The statute invoked by defendants provides:

" 5. No person shall coast with handsleds, bobs, carts or other vehicles, on wheels or runners upon any public sidewalk in any city; nor shall any person coast with handsleds, bobs, carts or other vehicles on wheels or runners upon any public street of the city except upon such roadways as may be designated by the legislative body thereof."

South Fitzhugh street in the city of Rochester has a paved width of twenty-seven feet.   It is intersected from the west at right angles by School alley — sometimes known as " Reily Court "— which is a paved lane twelve feet wide, the grade of which slopes downward toward South Fitzhugh street.   There is proof that a short time before the accident the decedent was standing beside his steel cart a short distance up School alley talking to a companion.   He was heard to say that " he had to go home to supper." Shortly thereafter he seated himself astride his cart with its handle raised between his knees and moved easterly down the alleyway. When he reached South Fitzhugh street he turned to his left or

northward toward his home and passed from the sight of his companion and the latter's mother, who had stood near the boys as they talked. A short interval of time after the decedent had passed from sight a crash was heard. He had been struck and killed by defendant's truck which was proceeding southerly along South Fitzhugh street. There is proof from which a jury might have found that the accident occurred at a point " near the east curb " which was on the side opposite and northerly from the intersection of School alley.

We are not in accord with either the interpretation or the application of the statute which defendants invoke and which they have thus far successfully maintained. We interpret the enactment as designed to free the· users of city sidewalks and streets from those dangers which are commonly known to attend coasting as a pastime or sport. Applying such a concept to the record proof before us, we cannot say as matter of law that at the time of the fatality the decedent was guilty of *prima facie* fault because of a statutory violation or that such violation was the proximate cause of his death.

Had decedent, at the time and place of the accident, been engaged in the pastime or sport of coasting down a city street, as was the case in *Frazier* v. *Reinman* (230 App. Div. 394; affd., 256 N. Y. 626), and had the record established that his conduct was the proximate cause of his death, our problem would be different. In the case last cited the plaintiff, while engaged in winter coasting, was injured on a city street when he suddenly emerged on his handsled from an intersecting side street and was struck by defendant's passing automobile. There we were careful to point out in the opinion by Justice THOMPSON that *at the time of the accident* the plaintiff was violating a statute and that his conduct in so doing was the proximate cause of his injuries. Here, on the contrary, proof is lacking as to the manner in which the decedent operated his cart after he had turned from School alley and was proceeding northward along South Fitzhugh street and out of the sight of the witnesses whose testimony upon this trial was limited to his prior conduct. We do not know whether at the time he was struck he had remained seated in the cart or had alighted and was pulling or pushing it across to the easterly side of the street where he lived. We cannot indulge in presumptions in that regard; nor can a breach of statutory duty be inferred as a matter of law under such circumstances.

Coasting, in the common acceptance of the term, imports the movement of a sled or vehicle by momentum due to some previously exerted force or to the force of gravity. (Cf. Webster's New

International Dict.) If we assume, without deciding, that previously the decedent may have coasted with his cart down the gentle grade of School alley, we find no proof that he continued to coast after he reached South Fitzhugh street and turned homeward.

Passing to proof of the conduct of the defendant truck driver, there is evidence that at the time of the accident the speed of the truck was in excess of the maximum rate of twenty miles per hour permitted by a local ordinance. Defendant's alleged breach of duty in this regard is also supported by proof that at the time of the collision the truck skidded in its forward movement on a dry pavement a distance of seventy-three feet and came to rest only after its four wheels had mounted the east curb of Fitzhugh street where it crashed against a tree.

Our conclusion is that plaintiff's evidence presented a question of fact for the jury's consideration whether decedent's conduct at the time of the accident was in violation of section 88, subdivision 5, of the Vehicle and Traffic Law and, if so, whether such violation was the proximate cause of his death. (*Martin* v. *Herzog*, 228 N. Y. 164, 170.) A question of fact was also presented whether the manner in which the defendant Dunn operated his employer's truck at the time of the accident conformed with the standard of care which both statutes and common law required. (*Amberg* v. *Kinley*, 214 N. Y. 531, 536.)

The judgment from which appeal is taken should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., EDGCOMB, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.