No. 19,118.

Mabel A. LaGarde *v.* Earl G. Aeverman, et al.

(356 P. [2d] 971)

Decided November 21, 1960.

Mr. William A. Lewis, Mr. Harold Potashnik, for plaintiff in error.

Messrs. Sheldon & Nordmark, Mr. Richard C. McLean, for defendants in error.

*In Department.*

Opinion by Mr. Justice Hall.

The parties appear here in the same order as in the

trial court. We refer to them as plaintiff and defendants.

Plaintiff sought to recover damages for personal injuries suffered as the result of being struck by defendants' truck on June 19, 1958, at the intersection of Eleventh Avenue and the alley between Broadway and Acoma in the City of Denver.

There is no dispute in the testimony as to how the accident occurred. The defendant Earl G. Aeverman was driving a truck in a northerly direction in the above mentioned alley toward Eleventh Avenue. As he reached Eleventh Avenue, a two-way through street, he stopped and looked both ways to see if any traffic was approaching. There being none he slowly proceeded into the avenue and was in the act of making a left turn when the left fender of his truck struck the plaintiff. At the moment of impact the front of his truck was to the north of the center line of the avenue and the rear dual wheels were almost across the center line.

The plaintiff had, for a period of ten years preceding the accident, lived in an apartment at 1144 Acoma Street, which is located near the middle of the block between Eleventh and Twelfth Avenues. For a period of at least four years immediately preceding the accident plaintiff had made a monthly visit to a beauty shop known as the Curl Harbor for the purpose of having her hair cut. This shop is located at 36 West Eleventh, being on the south side of Eleventh Avenue, about four doors west of the above mentioned alley and about eight doors east of Acoma Street.

On the date of the accident, plaintiff made her monthly visit to the Curl Harbor and had her hair cut. As she emerged from the shop she noticed:

" * * * that a storm was coming up. * * * And so I said * * * I was just going to take the shortest way home."

She then proceeded in an easterly direction on the sidewalk on the south side of Eleventh Avenue; as she reached the west side of the alley she stepped to the

curb, looked both ways for oncoming traffic on Eleventh Avenue and, seeing none, proceeded to cross the street in a northerly direction on the west line of the alley as extended. As she reached the center of the street she "heard a loud whoom of a motor" and was immediately struck and knocked to the street.

Prior to this occasion it had been the uniform custom of plaintiff on leaving the beauty shop to go to her apartment, to proceed west on Eleventh to Acoma, thence north across Eleventh on the crosswalk provided for pedestrians, thence north to her apartment. Plaintiff's only reason for not following her customary lawful course on the day of the accident was to save a few seconds of time and a few steps because of the indications of an approaching rainstorm.

There was medical testimony with reference to plaintiff's injuries.

The plaintiff, without objection, introduced in evidence Section 515 of the Revised Municipal Code of the City and County of Denver, Section 6-3:

*"Special Stops Required.* The driver of a vehicle entering or emerging from an alley or driveway shall only turn such vehicle to the right, unless he is entering or emerging from a one-way street where traffic is required to proceed in the opposite direction."

The defendant, without objection, introduced the following sections of Denver's ordinances:

Section 502.42:

*"Through Street or Through Highway.* Every street or highway or portion thereof, at the entrance to which vehicular traffic from intersecting streets or highways is required by law to stop before entering or crossing the same when stop signs are erected as provided in the Main Division Five of the Revised Municipal Code."

Section 521.7-2:

"No pedestrian shall cross a roadway other than in a crosswalk upon any through street or through highway."

At the close of all of the testimony the defendant

moved for a directed verdict or nonsuit. This motion was denied and the case was submitted to the jury under seventeen instructions, none of which was objected to by either party.

The jury returned its verdict in favor of plaintiff. The defendants filed their motion for a new trial or, in the alternative, for judgment notwithstanding the verdict. The motion for judgment notwithstanding the verdict was granted and judgment entered in favor of defendants and against plaintiff.

Plaintiff is here by writ of error seeking reversal, reinstatement of the verdict and judgment thereon.

From the record before us there can be no question that both plaintiff and defendants were at the precise time of the accident engaged in actions prohibited by ordinances of the City of Denver, actions recognized by ordinance as dangerous to themselves and to others.

These provisions are fundamental safety measures designed to protect persons using public thoroughfares from harm. Both plaintiff and defendant elected to ignore the duties imposed upon them by the provisions of the ordinances, and in doing so both were guilty of negligence; such violations under a well established rule of law constitute negligence per se.

Many courts recognize qualifications to the above rule where compliance with the provisions of such ordinance or statute is impossible under then existing conditions, or when compliance therewith would subject the person to imminent danger or peril. The facts in this case do not bring it within the exception but clearly bring it within the general rule. Plaintiff shunned the safe and lawful route and without good cause chose the perilous and unlawful one.

Plaintiff, complaining of her own wrong as well as that of defendants, was clearly guilty of negligent conduct which contributed to her injuries, and cannot recover. Except for plaintiff's negligence and misconduct the accident would not have occurred. Her negli-

gence was a proximate and contributing cause of her injuries.

In the record before us there is neither allegation nor testimony to invoke the doctrine of last clear chance.

██ Counsel for plaintiff contend that she had no duty to anticipate that anyone would make a left turn coming out of the alley; that she completed her duty when . she looked for traffic *lawfully* proceeding on Eleventh Avenue and owed no duty to one proceeding unlawfully thereon. It can be urged with equal force that the driver of the truck had no duty to anticipate that plaintiff would make unlawful use of the street.

There are many pronouncements of this court on facts similar to those in the case at bar which deny recovery to a person violating an ordinance designed to protect him from harm. Among others: *Dennis v. Johnson,* 136 Colo. 357, 317 P. (2d) 890; *Fabling v. Jones,* 108 Colo. 144, 114 P. (2d) 1100; *Ankeny v. Talbot,* 126 Colo. 313, 250 P. (2d) 1019; *Clibon v. Wayman,* 137 Colo. 495, 327 P. (2d) 283.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON and MR. JUSTICE DAY concur.