No. 20,303.

BRUCE RANDALL REED, BY HIS NEXT FRIEND, WANEETA E. BULGER, *v.* JOY L. BARLOW.

(386 P. [2d] 979)

Decided November 18, 1963.     Rehearing denied December 9, 1963.

452

Mr. GEORGE B. LEE, Mr. JAMES W. PHELPS, for plaintiff in error.

Messrs. WORMWOOD, O'DELL and WOLVINGTON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THE parties appear here as they were in the trial court and will be referred to as plaintiff or defendant or by name.

Plaintiff Reed, who was 12 years of age, brought this action by his next friend, Waneeta E. Bulger, to recover for personal injuries sustained by him in a collision

between his motorless "chugmobile" and an automobile driven by defendant Barlow.

Reed alleged that the cause of the collision was the defendant's negligence in the operation of her automobile. The defendant denied negligence and alleged contributory negligence on the part of the plaintiff. The plaintiff, by reply, alleged that the defendant had a last clear chance to avoid the accident.

Trial was to a jury and at the close of the plaintiff's case the defendant moved for a directed verdict, which motion was granted. The trial court dispensed with the necessity of a motion for new trial and entered a judgment dismissing plaintiff's claim. Plaintiff contends here that the trial court erred in granting the motion for a directed verdict.

The record discloses that the accident occurred in the intersection of West 7th Avenue and Utica Street in Denver on July 22, 1960, at approximately 10:45 A.M. South of the intersection Utica Street is on an inclined plane and north of the intersection it terminates in a dead end. The intersection is not marked by traffic signs. At the time of the accident the weather was clear and the streets were dry.

Reed testified that he was coasting north down the Utica Street hill in his "chugmobile," the body of which rises some 4 to 6 inches above the ground. Three other children were riding on the device with him. One child was sitting on his lap and the remaining two sat behind him. He testified that he first noticed the defendant's automobile in the intersection when he was approximately 30 feet therefrom; that he was unable to use his hand brake because one of the children sitting behind him was in the way; and that he did not have sufficient time to take any evasive action to avoid colliding with the defendant's automobile. The collision occurred as the defendant's automobile was about to clear the intersection, heading east. The point of impact was the right rear end of the automobile.

The defendant, called by the plaintiff as an adverse party, testified that as she approached the intersection from the west she came to a complete stop, looked to her left and noticed some small children playing on tricycles. She waited until they were clear, looked to the right and then to the left and to the right again, saw nothing and proceeded across the intersection at a speed of 5 to 10 miles per hour. She further testified that her view was somewhat obstructed by several cars parked to her right facing south on Utica Street; that she was not able to see further than half way up the hill and that at no time prior to the accident did she see the plaintiff's "chugmobile."

The plaintiff contends that there was conflicting evidence as to whether the defendant's view was obstructed by parked cars to her right and therefore the issue of whether the defendant was negligent in failing to see the plaintiff should have been submitted to the jury. In our view, the plaintiff is precluded from recovery here even if the defendant was negligent and it is, therefore, not necessary to determine the question of whether the evidence posed a jury question as to her negligence. Our disposition of the two remaining issues in the case, namely, whether the plaintiff was guilty of contributory negligence as a matter of law and if so, whether the evidence required the submission of the case to the jury on the doctrine of last clear chance are determinative of the controversy.

In this jurisdiction the violation of a statute or ordinance regulating the use of roadways is negligence as a matter of law and if such negligence is the proximate cause of an accident, the offending plaintiff cannot recover damages unless the doctrine of last clear chance is applicable. *Ankeny v. Talbot,* 126 Colo. 313, 250 P. (2d) 1019.

Section 503.5, Denver Municipal Code, contains the following pertinent language:

*"Use of Coasters, Roller-Skates, and Similar Devices*

*Restricted.* — No person upon roller-skates, or riding in or upon or by means of *any coaster, toy vehicle, or similar device* shall go upon any roadway except while crossing a street or crosswalk, and when so crossing such person shall be granted all of the rights and shall be subject to all of the duties applicable to pedestrians. This section shall not apply upon any street which has been set aside as a play street under authority of the City Traffic Engineer." (Emphasis supplied.)

The conduct of the plaintiff unquestionably falls within the prohibition of the ordinance. The violation of a similar ordinance by two minor plaintiffs was considered by the Massachusetts court in a case practically on all fours with the case at bar. In *Botelho v. Margarida,* 312 Mass. 429, 45 N.E. (2d) 266, the action of a trial court in directing a verdict for the defendant was approved in the following language to which we subscribe:

"It is manifest that the purpose of the ordinances in the present case was to prevent dangers to the users of the way and to coasters, and that upon all the evidence the illegal conduct of Botelho and Rapoza in which they were engaged at the time they were injured was so intimately connected with their injuries as a proximate cause that as a matter of law they are barred from recovery." (Citations omitted.)

As an underlying policy supporting our conclusion that plaintiff Reed was guilty of negligence proximately contributing to the accident as a matter of law, it is of significance to note that ordinances such as the one applicable here are designed to prevent precisely the kind of accident that occurred in this case. See *Frazier v. Reinman,* 230 App. Div. 394, 245 N.Y.S. 32, aff'd. 256 N.Y. 626, 177 N.E. 168. When one elects to engage in actions prohibited by ordinance, actions which are recognized as dangerous to himself, and as a result of such actions incurs an injury, he is guilty of contributory negligence as a matter of law. *LaGarde v. Aeverman,* 144 Colo. 465, 356 P. (2d) 971.

Finally, assuming, *arguendo,* that the defendant was negligent and having determined that the plaintiff was guilty of contributory negligence as a matter of law, did the trial court err in holding that the defendant did not have a last *clear* chance to avoid the accident as a matter of law? The answer is in the negative.

■ The applicability of the *doctrine* of last clear chance rests upon two equally important inquiries, assuming that the plaintiff by his negligence has placed himself in a position of peril: (1) whether the defendant was aware of the plaintiff's peril or should have been aware of it, and (2) whether the defendant thereafter could have avoided the accident by the exercise of reasonable care and caution. *Lambrecht v. Archibald,* 119 Colo. 356, 203 P. (2d) 897; *Colorado & So. Ry. Co. v. Duffy Storage and Moving Co.,* 145 Colo. 344, 361 P. (2d) 144. The doctrine of last clear chance " * * * presupposes a perilous situation created or existing through the negligence of both plaintiff and defendant, but it is assumed that there was a time after such negligence had occurred when the defendant could, and the plaintiff could not, by the use of means available, avert the accident." *Werner v. Schrader,* 127 Colo. 523, 258 P. (2d) 766, 768, cited in *Sedlmayr v. Lung,* 150 Colo. 371, 372 P. (2d) 949.

■ The undisputed evidence in the case at bar was that the defendant brought her automobile to a complete stop when she reached the intersection, looked and did not see the plaintiff, and thereupon proceeded at a slow speed into the intersection where her automobile was hit by the plaintiff. The record contains no evidence which would support the theory that, in the exercise of reasonable care, the defendant could have taken any evasive action after she entered the intersection which would have effectively avoided the collision.

Had the case been submitted to the jury and a verdict returned in favor of the plaintiff, such verdict could not be permitted to stand because it would be without sup-

port in the evidence. The court was correct in directing a verdict for the defendant under the circumstances shown.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE MOORE concur.