**Clive Lee McCORMICK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 81–K–1060.**

United States District Court, D. Colorado.

June 2, 1982.

---

George A. Hinshaw, Aurora, Colo., for plaintiff.

Susan Roberts, Asst. U. S. Atty., Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action for negligence under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. sections 1346, 2671 *et seq.* The plaintiff alleges that William Gesink, an employee of the United States Postal Service, while acting in the scope of his employment, injured the plaintiff by negligently driving a postal truck and thereby causing a collision with the plaintiff's car in an intersection in Colorado. This court has subject-matter jurisdiction to hear this claim pursuant to 28 U.S.C. section 1346(b).

This matter is now before me on the defendant's motion to strike inadmissible matters pursuant to rule 12(f), F.R.Civ.P., the plaintiff's motion for summary judgment pursuant to rule 56(a), F.R.Civ.P., and on the defendant's motion to reduce the *ad damnum* clause pursuant to 28 U.S.C. section 2675(b). The defendant claims that all references to William Gesink's guilty plea for running a red light should be stricken as in violation of C.R.S. section 42–4–1508 (1973), and that the plaintiff's *ad damnum* clause should be limited to the $50,000 specified in the administrative claim. The plaintiff claims that his supporting evidentiary materials conclusively establish the defendant's liability and there are thus no triable facts on that issue to be resolved at trial. For the reasons expressed in this opinion, I deny all of the motions.

## I. MOTION TO STRIKE

The defendant moves to strike all reference to William Gesink's guilty plea on the ground that that evidence is inadmissible pursuant to C.R.S. section 42–4–1508 (1973). While such evidence may be inadmissible in state court under state law, I am required to follow federal procedural rules in actions in federal court. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Article IV of the Federal Rules of Evidence provides the procedural rules governing the admissibility of evidence in federal proceedings.

Federal rule 402 provides that all relevant evidence is admissible except as otherwise provided by the United States Constitution, by Act of Congress, by the federal rules or by other rules prescribed by the Supreme Court. I am unaware of any

such federal rule, statutes or constitutional provisions which automatically exclude evidence of guilty pleas to be used in civil actions.[1]

Moreover, even under federal practice prior to the enactment of the federal rules of evidence, when admissibility was governed by civil rule 43(a), state rules of admissibility were controlling but state exclusionary rules were not. 10 *Moore's Federal Practice* section 400.12(6), P. IV–31 (1978); *see Pasternak v. Pan Am Petroleum Corp.*, 417 F.2d 1292, 1295 (10th Cir. 1969); *Mutual Life Insurance Company of N. Y. v. Bohlman*, 328 F.2d 289, 294 (10th Cir. 1964).

■ Accordingly, the defendant's motion to strike, premised on C.R.S. section 42–4–1508 (1973), is denied. The defendant may, of course, file a motion to strike or in limine under the applicable provisions of the federal rules.

## II. MOTION FOR SUMMARY JUDGMENT

■ Summary judgment is appropriate only when there exists no genuine issue of material fact. *Adickes v. S. H. Kress Co.*, 398 U.S. 144, 157–59, 90 S.Ct. 1598, 1608–1609, 26 L.Ed.2d 142 (1970); *Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1383 (10th Cir. 1980). As a matter of law, the movant must show entitlement to summary disposition beyond a reasonable doubt. *Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir. 1980).

■ In ruling on a summary judgment motion, I must construe all pleadings, affidavits, and admissions in favor of the party against whom the motion is made. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980). No margin exists for disposition of factual issues, nor does summary judgment serve as a substitute for trial when there are disputed facts. *Commercial Iron & Metal Co. v. Bache & Co.*, 478 F.2d 39, 41 (10th Cir. 1973). Moreover, summary judgment is rarely appropriate in a negligence action; even when the facts are undisputed,

the issue must be submitted to the jury if reasonable men and women could reach different conclusions and inferences from those facts. *Croley v. Matson Navigating Co.*, 434 F.2d 73, 75 (5th Cir. 1970), *reh'g denied* 439 F.2d 788 (1971); *see generally, Summary Judgment in Automobile Negligence Cases: A Procedural Analysis and Suggestions*, 53 Cornell L.Rev. 824 (1968).

■ In actions under the FTCA premised on negligence, the applicable law is the law of the state where the negligent conduct occurred. *Ahern v. Veterans Administration*, 537 F.2d 1098, 1101 (10th Cir. 1976). Under Colorado law, negligence is a deviation by the defendant from the reasonable standards of care owed to the plaintiff, which naturally and foreseeably results in injury to the plaintiff; it is failure to act as a reasonably prudent person would under the same or similar circumstances. *Hellerstein v. General Rose Memorial Hospital*, 478 P.2d 713, 715 (Colo.App.1970).

■ Further, the violation of a statute or ordinance regulating the use or roadways, proximately resulting in injury to one for whom the statute was designed to protect, is negligence as a matter of law. *Accord Colorado Flying Academy Inc. v. United States*, 506 F.Supp. 1221, 1227 (D.Colo. 1981); *Reed v. Barlow*, 153 Colo. 451, 454–55, 386 P.2d 979 (1963). However, Colorado is a comparative negligence state and I must therefore, apportion the parties' relative fault in determining the applicable recovery. *See* C.R.S. section 13–21–111(2) (1973). Further, if the plaintiff is more than fifty per cent negligent, he cannot recover any damages as a matter of law, even if the defendant has violated a penal statute and is himself negligent as a matter of law. *See* C.R.S. section 13–21–111(1) (1973).

■ In the instant case, the plaintiff claims that the evidence presented conclusively establishes William Gesink's negligence in the car accident and thereby the United States' liability under the doctrine

---

1. A guilty plea is an admission and is therefore not hearsay under the federal rules. *See* F.R.E.

801(d)(2)(A); *Hillyer v. Phillips Trucking Co.*, 606 F.2d 619, 620 (5th Cir. 1979).

of *respondeat superior.* In particular, the plaintiff notes that Gesink stated at a deposition that he pled guilty to the traffic offense of running a red light based on his conduct in the car accident at issue in the instant case. (Tr. 16). However, Gesink also stated at the same deposition that he thought the light was green. (Tr. 15, 16, 23)

While I have ruled that Gesink's guilty plea is not excluded by state law exclusionary rules, Gesink's admission to making the plea in state court is in conflict with portions of his deposition testimony where he asserts his innocence. Accordingly, there is a triable issue of fact and summary judgment is improper.

■■■ Further, while a guilty plea may be potentially introduced in a subsequent civil proceeding as an admission, this admission does not conclusively establish liability under the doctrine of collateral estoppel. Instead it may be rebutted or explained in the subsequent civil case in which it is admitted. *See Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 347 A.2d 842, 848 (1975) and cases cited therein. Justice Traynor of the California Supreme Court explained the rationale underlying this rule in *Teitlebaum Furs Inc. v. Dominion Ins. Co.,* 58 Cal.2d 601, 375 P.2d 439, 441 (1962). He stated:

A plea of guilty is admissible in a subsequent civil action on the independent ground that it is an admission. It would not serve the policy underlying collateral estoppel, however, to make such a plea conclusive. 'The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy.' (*Bernhard v. Bank of America,* 19 Cal.2d 807, 811, 122 P.2d 892, 894.) 'This policy must be considered together with the policy that a party shall not be deprived of a fair adversary proceeding in which fully to present his case.' (*Jorgensen v. Jorgensen,* 32 Cal.2d 13, 18, 193 P.2d 728, 732.) When a plea of guilty has been entered in the prior action, no issues have been 'drawn into controversy' by a 'full presentation' of the

case. It may reflect only a compromise or a belief that paying a fine is more advantageous than litigation. Consideration of fairness to civil litigants and regard for the expeditious administration of criminal justice. (See *Vaughn v. Jonas,* 31 Cal.2d 586, 594, 191 P.2d 432) combine to prohibit the application of collateral estoppel against a party who, having pleaded guilty to a criminal charge, seeks for the first time to litigate his cause in a civil action.

*Id.* Cf. *Scott v. Robertson,* 583 P.2d 188, 192 (Alaska 1978) ("A driver who pleads guilty to a minor traffic violation may have decided merely that the costs of defending outweigh the burden of having such a conviction on his record. Such a conviction is not credible evidence of guilty conduct").

Finally, even if there were uncontroverted and conclusive evidence regarding the defendant's negligence, there is still a triable issue of fact regarding the plaintiff's comparative negligence. The plaintiff's deposition testimony indicates that he may have been as much as 30 feet from the intersection when he noticed Gesink's truck (Tr. 13, 14, 15) and he might have prudently been able to avoid the accident. Accordingly, the plaintiff's motion for summary judgment is denied.

### III. MOTION TO REDUCE AD DAMNUM

I note at the outset that the defendant's motion to reduce *ad damnum* to $50,000 is really a motion for partial summary judgment on the plaintiff's claims in excess of $50,000. Accordingly, I will treat this motion as one for partial summary judgment and dispose of it in accordance with the standards applicable under Rule 56, F.R. Civ.P. *See supra* at p. 1182.

■■■ The right to sue the United States government exists solely by consent as expressed in the FTCA, 28 U.S.C. sections 1346 and 2671 *et seq.,* which fixes the terms and conditions on which suit may be instituted. *Kielwein v. United States,* 540 F.2d 676, 679 (4th Cir.) *cert. denied,* 429 U.S. 979,

97 S.Ct. 491, 50 L.Ed.2d 588 (1976). The first requirement is the filing of an administrative claim with the appropriate federal agency. *See* 28 U.S.C. section 2675(a). That requirement is jurisdictional and "is an absolute prerequisite to maintaining a civil action against the government for damages arising from a tortious occurrence due to the negligence of a federal employee." *Rosario v. American Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1231 (3d Cir. 1976).

28 U.S.C. section 2675(b) further provides that no action shall be instituted for any sum in excess of the amount of the claim presented to the federal agency. "The statute, however, includes an escape clause with reference to the *ad damnum* limitation. It adds that a plaintiff may sue for a sum greater than that stated in his or her claim 'if the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency or upon allegation and proof of intervening facts, relating to the amount of the claim.' The burden of establishing such 'newly discovered evidence' or 'intervening fact' . . . rests on the claimant-plaintiff." *Kielwein v. United States*, 540 F.2d at 679–80.

In the instant case, the plaintiff's administrative claim requested only $50,000 and he now seeks over one million dollars in damages. The plaintiff asserts that his additional monetary claims were based upon newly discovered evidence not reasonably discoverable at the time of the administrative claim on March 12, 1980. The plaintiff notes that he filed his administrative claim less than two months after the accident and the extent of his injuries and medical expenses were not known at that time. The plaintiff's administrative claim was accompanied by a letter by the plaintiff's counsel, stating that the plaintiff was undergoing treatment and that no bills or medical reports were available. One month later, in a letter dated April 14, 1980, the plaintiff's physician indicated that the plaintiff was still undergoing treatment and that his prognosis was guarded. The plaintiff also notes that subsequent medical reports indicate that the plaintiff suffered far greater than $50,000 in damages.

The defendant claims that the plaintiff had months and every opportunity to amend his administrative claim but he chose not to do so until February 25, 1981.[2] The defendant also notes that the plaintiff had been diagnosed for physical injuries on more than 60 occasions by doctors from March 5, 1980 through January, 1981, and for psychiatric injuries in 22 double sessions with a psychiatrist from November, 1980 through January, 1981. The defendant claims that this history of consultation, treatment and diagnosis by various doctors during 1980, establishes that the plaintiff had full and substantial information regarding his condition. While the defendant's evidence may cast some doubt on whether the plaintiff's additional damage claims were truly based upon newly discovered evidence not reasonably discoverable at the time of the administrative claim, it does *not preclude a genuine issue of fact beyond a reasonable doubt. See Norton v. Liddel*, 620 F.2d at 1381. Accordingly, the defendant's motion to reduce *ad damnum*, treated as a motion for partial summary judgment, is denied.

IT IS ORDERED that the defendant's motions to strike and to reduce *ad damnum* and the plaintiff's motion for summary judgment are denied.

2. Further, the defendant's argument that the plaintiff failed to file a timely amendment to his administrative claim, is inapposite. 28 C.F.R. section 14.2(b) provides that a FTCA agency claim may be amended by the claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. section 2675(a). Assuming, *arguendo*, that the postal service letter of January 29, 1981, indicating that the plaintiff's claim would be denied in the event he did not accept the settlement offer, could be deemed "final agency action," a claimant's failure properly to take advantage of 28 C.F.R. section 14.2(b)'s amendment procedure does not preclude utilization of the *ad damnum* limitation exceptions contained in 28 U.S.C. section 2675(b). *See Husovsky v. United States*, 590 F.2d 944, 954 n.24, 191 D.C. App. 242 (D.C.Cir.1978).