**Ramona HAGEMAN,**
**Plaintiff–Appellant,**

v.

**TSI, INC., Defendant–Appellee.**

**No. 87CA1070.**

Colorado Court of Appeals,
Div. I.

July 13, 1989.

Rehearing Denied Aug. 17, 1989.

Certiorari Denied Jan. 29, 1990.

Nelson & Harding, John S. Finn, Bruce Anderson and Christopher J. Petti, Denver, for plaintiff-appellant.

Hall & Evans, Malcolm S. Mead and Eugene O. Daniels, Denver, for defendant-appellee.

Opinion by Judge FISCHBACH.

In this suit for wrongful death and property damages resulting from a traffic accident, Ramona Hageman, one of the plaintiffs at trial, appeals the judgment entered on a jury verdict in favor of defendant, TSI, Inc. She asserts that the trial court erred in failing to allow into evidence any reference to certain federal highway safety regulations, which TSI's driver was allegedly violating at the time of the accident, and in refusing to instruct the jury that violation of such regulations constituted negligence per se. We agree and reverse.

Plaintiff's husband (Mr. Hageman) was killed when the semi-tractor he was driving collided with a tractor-trailer owned by TSI. The TSI vehicle was parked in the fast lane of a divided, interstate highway. TSI's driver testified that his truck "just quit" while traveling in the middle lane, and that he pulled over to the left because, unlike the right lane, it was clear.

After stopping, the driver placed two or three warning triangles in the vicinity of his truck. The evidence concerning their placement was conflicting, with the TSI driver testifying that the distance between the rear of his truck and the farthest triangle was about 30 paces (approximately 90 feet), and the highway patrolman who investigated the accident and plaintiff's accident reconstruction expert testifying that it was only sixteen feet.

At the time of the accident, TSI's driver had an out-of-state driver's license authorizing him to travel in any state of the country as part of his job, in the course of which he did, in fact, drive outside of Colorado. The TSI vehicle carried Colorado apportioned plates, designed for vehicles operating in two or more jurisdictions.

Because of the apparent interstate nature of the TSI vehicle's operations, plaintiff submitted a jury instruction requiring a finding of negligence per se if the jury found that TSI's driver had violated either of two federal highway safety regulations, 49 C.F.R. §§ 392.21 and 392.22(b) (1987). In addition, she attempted to introduce into evidence the contents of the regulations during direct and cross-examination.

The trial court refused to give the proffered instruction and excluded all reference to the federal regulations. It gave two grounds for the ruling: (1) the regulations "had not been subsumed into Colorado statutory or regulatory law at the time of the accident," and (2) "no compelling case law convinces the Court that the law and the policy of the state of Colorado require instruction of the jury that violation of the subject federal regulations constitutes negligence per se."

The jury found that the plaintiffs had suffered damages in the amount of $250,000, but also determined that Mr. Hageman and TSI were each 50% negligent. Thus, consistent with our comparative negligence statute, judgment was entered on the complaint in favor of TSI. This appeal followed.

I.

As a preliminary matter, we reject TSI's contention that the issue of the trial court's failure to instruct the jury on negligence per se was not adequately raised in the trial court. The record reflects that the issue is properly before us.

II.

The issue of whether a violation of federal highway regulations may be the basis for a negligence per se instruction is one of first impression in Colorado. Based on the similarity between the regulations at issue and the legislation on which our negligence per se doctrine is based, we are persuaded that the trial court erred in refusing the proffered instruction here.

■ Violation of a statute or ordinance adopted for the public's safety may be negligence per se and establish the violator's

civil liability for all damages proximately caused thereby. *Lyons v. Nasby,* 770 P.2d 1250 (Colo.1989). Before the doctrine can apply, the injured party must show that he or she is a member of the class that the statute or ordinance was intended to protect, that the injuries suffered were of the kind the statute was enacted to prevent, *Largo v. Crespin,* 727 P.2d 1098 (Colo. 1986), and that the statute or ordinance prescribes or proscribes specific conduct. *Sego v. Mains,* 41 Colo.App. 1, 578 P.2d 1069 (1978).

If these criteria are met, the legislation establishes the standard of conduct of a reasonable person, subject in some cases to the violator's affirmative defense that compliance was impossible or would have created a greater risk of danger or injury. *See Eddy v. McAninch,* 141 Colo. 223, 347 P.2d 499 (1959); *Crosby v. Canino,* 84 Colo. 225, 268 P. 1021 (1928); *see also* W. Prosser & W.P. Keeton, *Torts* § 36 at 227 through 231 (5th ed. 1984).

In Colorado, the doctrine has established negligence for violations of, among other provisions, the state liquor code, *Lyons v. Nasby, supra;* a city building code, *Aetna Casualty & Surety Co. v. Crissy Fowler Lumber Co.,* 687 P.2d 514 (Colo.App.1984); motor vehicle safety statutes, *Eddy v. McAninch, supra;* and motor vehicle and pedestrian safety ordinances. *Reed v. Barlow,* 153 Colo. 451, 386 P.2d 979 (1963); *LaGarde v. Aeverman,* 144 Colo. 465, 356 P.2d 971 (1960).

The federal regulations at issue here, 49 C.F.R. §§ 392.21 & 392.22, promulgated consecutively by the Department of Transportation and the Interstate Commerce Commission, as authorized by Congress, 49 U.S.C. § 301, et seq. (1976) (repealed 1978); 49 U.S.C. §§ 10521 (1982), require interstate motor carriers to comply with the following safety standards:

"§ 392.21 ... No motor vehicle shall be stopped ... upon the traveled portion of any highway outside of a business ... district, when it is practicable to stop ... such vehicle off the traveled portion of the highway. In the event that conditions make it impracticable to move such

motor vehicle from the traveled portion of the highway, the driver shall make every effort to leave all possible width of highway for the free passage of other vehicles....

"392.22 ... If a motor vehicle is stopped upon the traveled portion of the shoulder of a divided ... highway, the driver shall place [three] warning devices ... one warning device at a distance of 200 feet and one warning device at a distance of 100 feet in a direction toward approaching traffic in the center of the lane or shoulder occupied by the vehicle. He shall place one warning device at the traffic side of the vehicle within 10 feet of the rear of the vehicle."

It is undisputable that these requirements, were they provisions in a Colorado state statute or municipal ordinance, would have been an appropriate basis for a negligence per se instruction in this case. Mr. Hageman, a fellow motorist on the highway, was a member of the class of persons the rules were intended to protect. His death from a rear-end collision with the stopped TSI truck was the kind of injury the rules were intended to prevent. Finally, the rules prescribe very specific conduct for the driver of a stopped vehicle.

We perceive no qualitative difference between the state statutes and ordinances to which the negligence per se doctrine has been applied in Colorado and the federal highway safety regulations at issue here. Just as a city motorist must comply, *e.g.,* with a city ordinance requiring vehicles to turn only right from an alley, *LaGarde v. Aeverman, supra,* an interstate truck driver must comply with the federal highway regulations, 49 C.F.R. § 392.1(a) (1987). These regulations were promulgated to create uniform standards for the benefit of motor carriers and the public, *Interstate Motor Lines, Inc. v. Great Western Ry Co.,* 161 F.2d 968 (10th Cir.1947), and have the force and effect of law. *Tri–State Casualty Insurance Co. v. Loper,* 204 F.2d 557 (10th Cir.1953).

For these reasons, we conclude that violations of 49 C.F.R. § 392.21 and § 392.22 may be the basis for a negligence

per se instruction when the foundational criteria have been established.

Here, TSI does not deny that the federal regulations in general applied to the driver. In addition, the record reveals that the foundational criteria for establishing negligence per se under Colorado law were met and that there was sufficient supporting evidence for the question of whether TSI's driver violated the regulations to go to the jury. It was therefore error to have refused plaintiff's instruction. *See Brandes v. Burbank*, 613 F.2d 658 (7th Cir.1980) (violation of 49 C.F.R. § 392.22 is presumptive negligence); *Wallace v. Ener*, 521 F.2d 215 (5th Cir.1975) (violations of 49 C.F.R. §§ 392.22 & 393.95 are negligence per se); *Stong v. Freeman Truck Line, Inc.*, 456 So.2d 698 (Miss.1984) (violations of 49 C.F.R. §§ 392.21 & 392.22 are negligence per se); *see also Teal v. E.I. Dupont de Nemours & Co.*, 728 F.2d 799 (6th Cir. 1984) (violation of OSHA regulations is negligence per se); *Arthur v. Flota Mercante Gran Centro Americana, S.A.*, 487 F.2d 561 (5th Cir.1973) (violation of federal safety regulation requiring handrail on bulwark steps is negligence per se); *Taylor v. Pennsylvania R.R. Co.*, 246 F.Supp. 604 (D.Del.1965) (violation of federal motor carrier regulations requiring stop before railroad crossing is negligence per se); *NeSmith v. Bowden*, 17 Wash.App. 602, 563 P.2d 1322 (1977) (violation of federal motor carrier regulations concerning maximum driving time for truckers is negligence per se).

## III.

TSI contends that even if federal highway safety regulations may be the basis for negligence per se instructions, the regulations have no application here because, as illustrated by photographs admitted into evidence, the accident occurred within a business district. We disagree.

The definitional regulation, 49 C.F.R. § 390.12 (1987) provides:

"The term 'business district' means the territory contiguous to and including a highway when within any 600 feet along such highway there are buildings in use for business or industrial purposes...."

We reject TSI's assertion that a business district exists whenever business or industrial buildings are within 600 feet of the accident site. Instead, the definition states that such buildings create a business district only when situated *along* the highway in question. *See Stong v. Freeman Truck Line, Inc., supra.* On remand, if relevant evidence is presented, the question of whether any buildings in use for business or industrial purposes were located along the highway within 600 feet of the accident should go to the jury.

## IV.

TSI also maintains that, even if the trial court erred by refusing to submit plaintiff's negligence per se instruction based on the federal regulations, the judgment should be affirmed because the jury's verdict "necessarily included [the] finding that the violation of the federal regulations was not the proximate cause of the accident." Again, we disagree with TSI.

In spite of the trial court's exclusion of any reference to the federal regulations, the jury found the plaintiffs and TSI each 50% negligent in causing the accident. Contrary to TSI's assertions, this equal distribution of fault does not "make clear ... that [Mr.] Hageman's negligence ... was an intervening and superseding cause of the accident." Proximate cause is a question for the jury, and we cannot assume that its assessment of both fault and proximate cause would not have been affected by knowledge of the applicable regulations. *See Largo Corp. v. Crespin, supra; Kness v. Truck Trailer Equipment Co.*, 81 Wash.2d 251, 501 P.2d 285 (1972).

The judgment is reversed and the cause is remanded for a new trial.

TURSI and HUME, JJ., concur.