Bryce **AMBRAZIUNAS,** Cary Ambraziunas, Marsha Ambraziunas, Ray Ambraziunas, Jane Ashley, Rick Back, M. Lawrence Berk, Trustee of the M. Lawrence Berk Trust, Lois Berk, Charles A. Bonati, Jr., Diana M. Bonati, C & D Enterprises, Charles Bonati, Kathleen Bonati, Sarah Bozich, Connie Carlstrom, Ethan Cantor, Barbara Carnahan, Gabe Cohen, Barbara Colard, William C. Daney, Jr., Steve D'Arcy, Jr., Charlanne Divito, Tom Donahue, Sueanne Dupuy, Linda Eis, Mark Euler, William Faccone, Steven Fishman, Susan Fishman, Paul Franklund, Janette Franklund, Donna Garvin, Rich Gaudio, David Gelinas, Daniel Gelinas, Len Gelinas, Diane Bossiere, Bernie Glintz, Heather Hamilton, Yoshiyuki Horii, Dennis W. Kil, Jonas Kramer, Mark Lapoint, Vern Leatherman, James Lembeck, Eugene Marlow, Homer McDanal, Janet McDanal, Loren Nowell, Roger Owen, Todd Parrish, Arnold Patrick, Ralph Patrick, William Patrick, Jean Patrick, Brad Paulsen, Edie Paulsen, Bruce Pfann, Donald Pierce, Jo'an Pierce, Henry Ripley, III, Leon Pommer, Gary Pierce, Peter Ramig, Stephen Replin, Jimmie Robinson, Nancy Rudzek, Richard Ryen, Linda Ryen, Allen Schmitt–Gordon, Lavonne Schmitt–Gordon, Mark Shumate, Dr. Ozzie Siegel, Mark Simpson, Geni Simpson, Thomas Stegman, Karen Stegman, Duke Stroud, Maryanne Stroud, Gregg Swanson, Glenn Swanson, Steve Swanson, Wayne

---

Swanson, James Symmonds, Elizabeth Trujillo, Robert Urias, John Vincent, James Wallace, Robert Weiner, Robert Wolta, Shaun White, Sarah White, Connie Yamauchi, Janey Zacharias, Plaintiffs,

v.

Daniel F. HATCH, Patrick C. Given, Thomas R. Ruha, Ronald E. Jenkins, Defendants.

No. CIV. A. 93–K–2089.

United States District Court, D. Colorado.

Oct. 20, 1998.

Decian J. O'Donnell, Kristine Hoeltgen, Denver, CO, for Plaintiff/Petitioner.

Daniel Hatoh, c/o Federal Probation, Vilma Bonifacio, Oakland, CA, H. Christopher Clark, Denver, CO, Patriok C. Glvan, Lafayette, CO, for Defendant/Respondent.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

### I. *Introduction*

Numerous plaintiffs brought charges against Defendants Joseph, Hatch, Givan, Eckhart, Ruha and Jenkins because of their involvement in the M & L Business Machine Co., Inc. Ponzi scheme. I entered default judgment against Defendants Joseph and Eckhart, leaving numerous charges, including fraudulent concealment and conspiracy, against Defendants Hatch, Givan, Ruha and Jenkins. (*See Complaint* filed October 1, 1993).

On June 19, 1998 Plaintiffs moved for summary judgment against the remaining Defendants, on the fradulent concealment and conspiracy causes of action based on Defendants' guilty pleas in the criminal cases filed against them and on the affidavits of Joseph.

Defendant Ruha, through counsel, responded by asserting he pled guilty to defrauding parties different from the Plaintiffs and therefore his guilty plea and resultant judgment do not establish liability *per se* on the fraud and conspiracy claims. Plaintiffs replied to Ruha by attaching Joseph's affidavit asserting Ruha's involvement in the ¨scheme.

Defendant Givan, acting *pro se,* moved to dismiss and in the alternative a verified opposition to the motion for summary judgment, bolstered by his own affidavit denying participation in the scheme and disputing the amount of damages claimed. Plaintiffs again responded with Joseph's affidavit affirming Givan's involvement.

Defendant Jenkins has not filed a response to the Plaintiffs' motion.

### II. *Background*

Defendants Hatch, Givan, Ruha and Jenkins have all pled guilty to similar charges in criminal cases involving allegations of fraud.

### III. *Applicable standard for motion*

Summary judgment is appropriate only when there exists no genuine issue of material fact. *McCormick v. United States,* 539 F.Supp. 1179, 1182 (10th Cir.1982); Fed. R.Civ.P. 56. The moving party must show entitlement to summary judgment beyond a reasonable doubt. *McCormick,* 539 F.Supp. at 1182. When ruling on a summary judgment motion, all pleadings must be taken in the light most favorable to the non-moving party. *Id.* Furthermore, summary judgment does not serve as a replacement for trial when disputed facts remain. *Id.*

**1204**

## IV. *Merits*

Plaintiffs argue they are entitled to summary judgment because Defendants' guilty pleas and the resultant judgments against them establish liability *per se* on the issues of fraud and conspiracy. Defendants contend they were not involved in the fradulent activities and dispute affidavits submitted by the Plaintiffs that assert otherwise. Defendant Ruha maintains he did not plead guilty to defrauding the Plaintiffs, that his plea was an admission of guilt in relation to other parties.

The Tenth Circuit has held that a guilty plea in a prior criminal case may be admissible as an admission in a subsequent civil proceeding. *McCormick v. United States,* 539 F.Supp. 1179, 1183 (D.Colo.1982); Fed. R.Evid. 801(d)(2)(A). The plea, however, does not establish liability definitively under the doctrine of collateral estoppel. *McCormick,* 539 F.Supp. at 1183. The party may rebut or explain the admission in the subsequent civil case. *Id.* State cases stand for the same proposition. *See Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 347 A.2d 842, 848 (Md.1975) (holding that a previous guilty plea does not establish liability *per se*); *Teitelbaum Furs, Inc. v. Dominion Ins. Co.,* 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439, 441 (Cal.1962) (commenting that the policy considerations underlying collateral estoppel would not be furthered by allowing a prior guilty plea to be conclusive).

In addition, the Tenth Circuit has held that "self-serving affidavits are not sufficient" to survive a motion for summary judgment. *Murray v. City of Sapulpa,* 45 F.3d 1417, 1421 (10th Cir.1995).

The Defendants' guilty pleas in a previous case do not establish liability *per se*. Defendants are entitled to rebut or explain the admissions against them. Further, the Plaintiffs reliance upon Robert Joseph's affidavits is "self-serving" and cannot form the basis for granting summary judgment. Summary judgment is inappropriate here as Plaintiffs have not shown there are no genuine issues of material fact nor are they entitled to judgment as a matter of law.

## V. *Conclusion*

For the aforesaid reasons, the Plaintiffs' Motion for Summary Judgment is DENIED.