No. 22979.

LUCINDA SULLIVAN *v.* ROY E. DAVIS AND TERRY LEE DAVIS.
(474 P.2d 218)

Decided September 14, 1970.

PETRIE, KING, WOODROW & ROUSHAR, VICTOR T. ROUSHAR, for plaintiff in error.

YEGGE, HALL, TREECE & EVANS, RAYMOND J. CONNELL, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE MCWILLIAMS delivered the opinion of the Court.

THIS is a wrongful death case in which the trial court granted the defendants' motion for summary judgment and by this writ of error the plaintiff now seeks reversal of the judgment dismissing her claim for relief. Plaintiff in the trial court, plaintiff in error here, was Lucinda Sullivan, the mother of Gerald James Sullivan, deceased, and the defendants were Terry Lee Davis and his father, Roy E. Davis.

In her complaint the plaintiff alleged that Terry Lee Davis, who will hereinafter be referred to as the defendant, negligently parked an automobile owned by his father on a county road called Oak Hill in San Miguel County. According to the complaint, plaintiff's son, Gerald James Sullivan, age 15, "was riding as a passenger on a sled down said Oak Hill on the right-hand side of the road, when suddenly and without opportunity to avoid striking defendant's car, plaintiff's minor son slid under the front bumper of said parked car ..." The injuries sustained by plaintiff's son in this collision which ultimately resulted in his death were allegedly "caused by the negligence of the defendant ..." in parking his automobile.

By answer the defendant denied negligence on his part and alleged contributory negligence on the part of plaintiff's deceased son. Thereafter the plaintiff caused to be served upon the defendant and his father some 41 written interrogatories, which in due time were answered under oath.

The defendants then filed a motion for summary judgment, alleging that based on the pleadings and the aforesaid deposition there was no genuine issue as to any material fact and that the defendants were entitled to a summary judgment as a matter of law. Plaintiff did not file any affidavits in opposition to the summary judgment motion. By the time the motion came on for

argument the plaintiff did file, however, a reply setting up last clear chance.

The trial court ruled that plaintiff's deceased son in sledding down the county road had violated the provisions of C.R.S. 1963, 13-5-5(3) and as a matter of law was guilty of contributory negligence. As concerns last clear chance, the trial court ruled that the defendant, a "had-been driver of the unattended vehicle," did not, as a matter of law, have a last clear chance to avoid the unfortunate accident which took the life of the plaintiff's son. In this setting, then, the trial court granted the defendants' motion for summary judgment.

The defendant's version of how this accident occurred was before the court by virtue of his answers to certain of plaintiff's interrogatories. Apparently both the deceased and the defendant were members of a common sledding party on the evening of December 25, 1965. The entire teen-age group, after finding the sledding at Redvale not to their liking, took off in several automobiles for a hill southeast of Norwood. The defendant couldn't make it up the county road where the ensuing accident occurred, so he backed his car down the hill and parked it on the east side of the road, "figuring the kids coming down on sleds would be using the west side of the road." Defendant and his passengers then started walking up the hill with their sleds. It was at this juncture that plaintiff's son was sledding down the hill "more-or-less in the center of the road." According to the defendant, he and his companions shouted warnings to plaintiff's son that a car was parked further down the hill. Defendant averred that he was about 100 yards away from his car when the sled on which plaintiff's son was riding slid into defendant's parked and unattended car.

C.R.S. 1963, 13-5-5(3) provides as follows:
"No person shall use the highways for traveling on skis, toboggans, coasting sleds or similar devices. It shall be unlawful for any person to use any roadway of this state as a sled or ski course for the purposes of coasting on

sleds, skis or similar devices, except on portions of such highways set aside by proper authority for such use and adequately roped off or otherwise marked for such purposes."

As above indicated it is alleged in the complaint that the deceased was sledding on a county road, and this allegation is additionally supported by defendant's deposition. Furthermore, there is nothing in the pleadings nor in the deposition to indicate that the sledding was taking place on a portion of the county road which had been set aside by proper authority for sledding and adequately roped off or otherwise marked for such purpose. The plaintiff now argues, however, that for all we know this area may well have been an area roped-off or otherwise marked by proper authority for sledding and that because of this exception in the statute the determination by the trial court that the violation by plaintiff's son of the aforesaid statute constituted negligence which contributed to his death was proper. We do not agree with this argument.

It is to be noted that this is not a case where the plaintiff was in anyway taken by surprise. It is true that in the motion for summary judgment defendant did not specifically set forth the basis for the motion. However, the defendant also filed a memorandum brief in support of his motion for summary judgment some six weeks before the motion came on for hearing. In that brief the defendant indicated quite clearly that he was basing his claim of contributory negligence on the violation by the plaintiff's son of the statutory prohibition against sledding on state highways. Plaintiff therefore had ample time to inform the court by affidavit or otherwise that this particular sledding came within the exception in the statute. This she did not do. It is true that in her memorandum brief filed in the trial court in opposition to the motion for summary judgment mention was made by the plaintiff of the exception in the statute. However, in oral argument on the motion no mention was made of the

aforesaid exception, which fact was commented upon by the trial court in its order granting the motion with the observation that the plaintiff had apparently abandoned that phase of her argument. In the ensuing motion for new trial plaintiff denied that she had abandoned this particular argument and stated a willingness to orally argue the matter, though "plaintiff would not wish to be understood as being bound by any facts in such oral argument as such matters are for the jury to consider."

■■ Plaintiff still argues, however, before this court that there exists a genuine issue concerning a material fact, "to-wit, the marking of the road for sledding." Suffice it to say that the record — as opposed to mere argument — did not indicate a "genuine issue" as to whether the highway on which this accident occurred had been roped-off by proper authorities. A "genuine issue" cannot be raised by counsel simply by means of argument, be it before the trial court or here. Certainly the spirit of rule 56 suggests that if plaintiff really contended that the area in question had in fact been roped-off by proper authorities she had the duty to inform the trial court in the manner provided by the rule concerning summary judgments, and not to merely attempt to present the issue by hypothetical argument. Not having done so, she cannot now complain when the trial court applied the statutory prohibition and not the exception thereto. See *Field v. Sisters*, 126 Colo. 1, 245 P.2d 1167.

We agree with the comment in *Moore's Federal Practice*, 2d Ed.Vol. 6, pages 284-5 that though the party moving for a summary judgment has the burden of showing that he is entitled to judgment still "it has always been perilous for an opposing party neither to proffer any evidentiary explanatory material nor file a 56(f) affidavit. And the peril rightly continues."

■■ We also generally concur in the observations concerning summary judgments set forth in *Bruce Construction Corp. v. United States*, 242 F. 2d 873, where it was stated:

"We have long recognized that no matter how enticing, in an area of congested dockets, is a device to dispose of cases without the delay and expense of traditional trials with their sometime cumbersome and time-consuming characteristics, summary judgment was not devised for, must not be used as, a substitute for trial. Its wholesome utility is, in advance of trial, to test, not as formerly on bare contentions found in the legal jargon of pleadings, but on the intrinsic merits, whether there is in actuality a real basis for relief or defense. Consequently, where the proceedings have indicated that a genuine issue existed, we have consistently rejected appealing short-cuts and not the less so even though it was likely that on a trial, the trier would resolve the disputed issues as one of fact in the same manner as when thought to have been one of law alone.

"But, equally vigorous in giving full range to this mechanism, we have just as consistently rejected any notions that pretense, or apparent formal controversy can thwart applications of this rule or hamstring the court in determining whether it is a proper case for it. Consequently, when a movant makes out a convincing showing that genuine issues of fact are lacking, we require that the adversary adequately demonstrate by receivable facts that a real, not formal, controversy exists, and, of course, he does not do that by mere denial or holding back evidence."

■ On the record before it, then, we find no error in the trial court's determination that plaintiff's son right up to the moment of impact was in violation of a statute designed for his protection and that his conduct constituted contributory negligence.

In support of our resolution of this phase of the controversy, see *Reed v. Barlow*, 153 Colo. 451, 386 P.2d 979, where we held that a violation of a municipal ordinance regulating the use of streets is negligence as a matter of law and that if such negligence be a proximate cause of the accident the offending plaintiff cannot recover unless

the doctrine of last clear chance is applicable. In that case a 12-year-old boy was barred as a matter of law from recovery for injuries sustained in a collision with an automobile because he was operating a motorless chugmobile on the streets of Denver in violation of a municipal ordinance. See also *Shea v. Pilette,* 108 Vt. 446, 189 A. 154 where the plaintiff in a personal injury action was sledding upon a city street in violation of a municipal ordinance.

▉ Counsel also argues that it was error for the trial court to grant defendants' motion for summary judgment in view of plaintiff's reply which alleged that the defendant had the last clear chance to avoid the accident. The gravamen of the plaintiff's complaint is that the defendant negligently parked his car. The deposition establishes that the defendant was some 100 yards away from his vehicle when the sled on which plaintiff's son was riding slid into the front of the parked vehicle. It is a little hard to fathom just how under such circumstances it could be claimed that defendant, rather than plaintiff's son, had the last clear chance to avoid the accident. In *Reed v. Barlow, supra,* it was stated that the doctrine of last clear chance presupposes a perilous situation created or existing through the negligence of both plaintiff and defendant, and that the doctrine assumes that after such initial negligence on the part of both plaintiff and defendant there was time when the defendant could, but the plaintiff could not, by the use of means available, avert the accident. Applying this test to the instant controversy the trial court was correct in determining that the doctrine of last clear chance was not a genuine issue in the case.

▉ In her reply brief plaintiff attempts to inject a brand new issue into the case, one that was never alluded to in the trial court. It is asserted that the complaint alleges that the defendants were guilty of wilful and wanton misconduct, as opposed to simple negligence. In such event, argues counsel, mere contributory negligence

on the part of plaintiff's son would not bar recovery. Without getting into the merits of the matter the argument must fall for the simple reason that the complaint does *not* allege wilful and wanton misconduct on the part of the defendants, either in so many words or by alleging facts which would equate to such. Rather the complaint merely alleges negligence on the part of the defendant in parking his vehicle.

The judgment is affirmed.

MR. JUSTICE PRINGLE concurs in the result.