536 P.2d 837 (1975)
COLORADO SPRINGS COACH COMPANY, a Colorado Corporation, and Byron Cowart, Plaintiffs-Appellees,
v.
STATE of Colorado CIVIL RIGHTS COMMISSION and Raymond Wendell Holmes, Defendants-Appellants.
No. 74-426.
Colorado Court of Appeals, Div. I.
March 11, 1975.
Rehearing Denied April 1, 1975.
Certiorari Denied July 7, 1975.
Bruce L. Craig, Colorado Springs, for plaintiffs-appellees.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Jeffrey I. Sandman, Asst. Atty. Gen., Denver, for defendants-appellants.
Selected for Official Publication.
STERNBERG, Judge.
Defendant Holmes was employed by the Colorado Springs Coach Company as a city bus driver from August 1970 to February 1971. The company discharged him for failure to appear for work. He filed a *838 claim for unemployment compensation, but a determination of "no award" was made by a deputy referee. This decision was upheld by a referee following a hearing on April 19, 1971. Holmes' claim was based in part on the allegation that his discharge was the result of racial discrimination. However, the referee denied him benefits concluding that his discharge was based upon his failure "to make his scheduled runs or to inform his employer of his reasons." The Industrial Commission affirmed the decision, but Holmes sought no further review.
In March of 1971, Holmes filed a charge against the employer with the Colorado Civil Rights Commission alleging that his termination had been because of his race and color, and was therefore illegally discriminatory. Disregarding the employer's affirmative defense of res judicata, the hearing officer for the Civil Rights Commission found that the discharge was a violation of the Colorado Antidiscrimination Act of 1957, § 24-34-301 et seq., C.R.S. 1973 (C.R.S.1963, 80-21-1 et seq.), and ordered Holmes to be reinstated with back pay. This order was appealed to the district court. That court set it aside and dismissed the complaint. We affirm.
The case of Umberfield v. School District No. 11, Colo., 522 P.2d 730, controls this case. There, discharge of a teacher for failure to work on scheduled school days because of religious beliefs was upheld after a hearing held pursuant to the Teacher Tenure Act, § 22-63-101 et seq., C.R.S.1973 (1967 Perm.Supp., C.R.S.1963, 123-18-1 et seq.). The teacher, Umberfield, did not appeal that action to the courts, but instead filed a complaint with the Colorado Civil Rights Commission alleging religious discrimination. Holding that the complaint was barred, the Supreme Court stated:
"Because Umberfield had a full adversary hearing before the Teacher Tenure Panel which had the power to determine all his claims of religious discrimination, we hold that the doctrine of res judicata operates as a bar to the relitigation of issues which Umberfield raised or could have raised in the hearing before that panel and on judicial review. . . . To hold otherwise could result in an anomalous situation where the same reviewing court would be compelled to affirm opposite results of the two administrative bodies."
Just as the Teacher Tenure Panel's conclusions could not be collaterally attacked by Umberfield, so must the decision of the Industrial Commission on the cause of termination of employment bar a subsequent proceeding before the Civil Rights Commission in this case.
Judgment affirmed.
COYTE and VAN CISE, JJ., concur.