566 P.2d 1358 (1977)
Carl M. GINTER, Jr., Plaintiff-Appellant,
v.
PALMER AND COMPANY, a Colorado Corporation, Defendant-Appellee.
No. 76-460.
Colorado Court of Appeals, Div. II.
April 14, 1977.
Rehearing Denied May 5, 1977.
Certiorari Granted August 2, 1977.
*1359 McCamant & Johnston, Wallace McCamant, Paonia, for plaintiff-appellant.
Brown & Brown, James D. Brown, Delta, for defendant-appellee.
SILVERSTEIN, Chief Judge.
Plaintiff appeals from a summary judgment for defendant. We affirm.
The Articles of Incorporation of defendant, Palmer and Company, provide:
"In the event of the death of a stockholder, the corporation shall have the option to purchase his stock . . . on the basis of the book value as of the date of death."
Dolorosa Ginter, a stockholder in the company died, leaving a will under which she bequeathed to plaintiff her stock, or the proceeds thereof, should the company exercise the above option. The company duly exercised its option, asserting the book value of the stock to be $1.91 per share.
Plaintiff brought this action, contending that the "net asset value" of the stock exceeded $20 per share, and that the book value offered by the company was arbitrary and capricious and the result of a conspiracy by the majority stockholders to enrich themselves unjustly by the repurchase of the stock. He further claimed that if the provision of the Articles of Incorporation were to be interpreted to allow defendant to purchase the stock at the offered price, then the provision would be void as unconscionable, contrary to public policy and contrary *1360 to law. He prayed for a declaratory judgment adjudicating the respective rights of the parties.
The defendant answered, admitting the exercise of the option and denied the other allegations in the complaint. It thereafter filed a motion for summary judgment, alleging that there was no genuine issue as to any material fact. The motion was supported by an affidavit of the manager and executive officer of the company, to which was attached a balance sheet of the company as of the pertinent date. According to that balance sheet the value of the stock was $1.91 per share.
The affidavit stated that the books had been kept in a uniform manner since the formation of the company and were the basis for all income tax returns and that the books of account had been "accepted for federal estate tax and state inheritance tax purposes in the estates of deceased shareholders."
Plaintiff filed no counter-affidavits and offered no evidence at the hearing held on the motion. Although plaintiff indicated he intended to undertake discovery proceedings relative to the company's books and assets, he did not accept the offer of the court to continue the hearing until such discovery could be completed.
On appeal plaintiff contends that the affidavit is conclusory. We do not find it so. It is purely factual and there was nothing before the trial court, except the argument of counsel, to refute those facts. Argument of counsel alone cannot create a factual issue. Sullivan v. Davis, 172 Colo. 490, 474 P.2d 218 (1970), see C.R.C.P. 56(e).
Plaintiff further contends that the incorporators intended "book value" to mean "net asset value," and that their intent is a factual issue to be decided by a jury. This contention has several flaws. First, plaintiff cites Black's Law Dictionary 227, (4th ed.), defining book value as "the value shown by deducting liabilities and other matters required to be deducted from assets . . . ." Although this definition is generally accepted, see Bank of California v. First Mortgage Co., 6 Wash.App. 718, 495 P.2d 1057, 54 A.L.R.3d 785, there is no perceivable distinction between this value and net asset value.
Even assuming there is a difference between the two values, where, as here, a document is unambiguous, and the intent of its drafters therefore clear, its interpretation is a matter of law, not fact. Waggoner v. Wilson, 31 Colo.App. 518, 507 P.2d 482. Further when a term which has a generally accepted meaning is used, the parties may not claim their intent was otherwise. See Jones v. Harris, 63 Wash.2d 559, 388 P.2d 539 (1964).
Plaintiff next asserts that the provision of the Articles of Incorporation is unconscionable and invalid as a restraint of alienation. We do not agree.
The defendant is a close corporation. Ownership of the stock is limited by the Articles of Incorporation to employees or sales agents of the company and producers of products processed or sold by the company. The Articles also provide that if the company fails to exercise the option, then the stock may be sold to anyone qualified to be a stockholder.
Although absolute restriction against the sale of stock is invalid, reasonable restrictions have been held to be valid in Colorado. See Sterling Loan & Investment Co. v. Litel, 75 Colo. 34, 223 P. 753 (1924) and Irwin v. West End Development Co., 481 F.2d 34 (10th Cir. 1973), cert. denied sub nom., Vroom v. Irwin, 414 U.S. 1158, 94 S.Ct. 915, 39 L.Ed.2d 110. In Allen v. Biltmore Tissue Corp., 2 N.Y.2d 534, 161 N.Y.S.2d 418, 141 N.E.2d 812, 61 A.L.R.2d 1309 (1957), a case which involved the validity of a restriction similar to the present one, the court held that a price discrepancy alone did not destroy the validity of the restriction, stating,
"[T]he validity of the restriction on transfer does not rest on any abstract notion of intrinsic fairness of price. To be invalid, more than mere disparity between option price and current value of the stock must be shown . . . Since *1361 the parties have in effect agreed on a price formula which suited them, and provision is made freeing the stock for outside sale should the corporation not make, or provide for, the purchase, the restriction is reasonable and valid."
This is an apt statement of the rule followed by a majority of the jurisdictions in which the issue has arisen, and controls here.
Finally, although asserting that he had, or could obtain, evidence to support his allegations, plaintiff offered no such evidence at the hearing. As stated in Sullivan v. Davis, supra,
"[W]hen a movant makes out a convincing showing that genuine issues of fact are lacking, we require that the adversary adequately demonstrate by receivable facts that a real, not formal, controversy exists, and, of course, he does not do that by mere denial, or holding back evidence."
Judgment affirmed.
RULAND and VanCISE, JJ., concur.