**Michael A. MARINO, Plaintiff–Appellant,**

v.

**E. L. WILLOUGHBY and the City of Pueblo, Defendants–Appellees.**

**No. 79CA1187.**

Colorado Court of Appeals,
Div. III.

Aug. 14, 1980.

Rehearing Denied Sept. 11, 1980.

Certiorari Denied Oct. 27, 1980.

William E. Kenworthy, Denver, Edwin K. McMartin, Pueblo, for plaintiff–appellant.

Thomas E. Jagger, Thomas J. Florczak, Pueblo, for defendants–appellees.

KIRSHBAUM, Judge.

Plaintiff, Michael A. Marino, appeals the trial court's summary judgment dismissing his complaint for damages against defendants, E. L. Willoughby and the City of Pueblo. We reverse.

The record discloses the following undisputed facts. On April 14, 1974, Marino, then a Pueblo police officer, attempted to commit suicide. In June of 1974, Willoughby, then Pueblo's Chief of Police, terminated Marino's employment, primarily because of the April incident.

Marino appealed his discharge to the Pueblo Civil Service Commission. Marino appeared and was represented by counsel at an evidentiary hearing conducted by the Commission. He did not challenge his discharge on federal grounds. The Commission upheld the termination in August of 1974. Marino did not exercise his right to seek review of that decision in the district court.

On October 23, 1978, Marino filed the complaint in this case alleging two claims for relief. The first claim seeks damages on the ground that his 1974 discharge violated his civil rights as protected by federal law. Although the first claim also refers to certain Colorado statutory provisions, Marino has indicated on appeal that his first claim is "an action for enforcement of his civil rights, specifically his right to a pre–termination hearing prior to discharge from his employment, pursuant to 42 U.S.C.A. § 1983." The second claim seeks damages for alleged violations of Marino's rights as a handicapped person pursuant to 29 U.S.C.A. §§ 701, 706, 791 and 794, protecting handicapped individuals. Neither of these claims for damages nor the grounds upon which they are based were raised before the Commission in 1974.

The sole issue on appeal is whether Marino's complaint is barred by the doctrine

of *res judicata.*[1] That doctrine is based upon the salutary principle that matters once litigated must be deemed conclusively resolved by that litigation. When applicable, the doctrine not only bars re–litigation of all issues previously decided, but also bars litigation of all issues that could have been decided in the previous litigation. *Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973).

Marino contends that the Commission could not have determined his federal claims in 1974. We agree.

As applicable in 1974, the City Charter of Pueblo § 8–4 contained the following pertinent provisions:

"It shall be the duty of the Civil Service Commission in compliance with rules established by the council:

a. To hear appeals from any action . . . dismissing any employee in the Classified Service as hereinafter provided, and to report in writing to the superior taking the action appealed from, its findings and decisions. Any superior taking action such as above mentioned shall present such an employee, in writing, a statement as to what action is being taken and for what reason. If the employee desires, he may take the complaint to the Chairman of the Civil Service Commission and be given a hearing by the Commission within five (5) days . . . . The decisions of the Civil Service Commission on appeals shall be final unless reversed by the District Court;

b. To provide for reinstatement of any employee found innocent of preferred charges . . . ."

In addition, the City Charter of Pueblo § 6–12–1(b) required the Commission to grant hearings to employees who appeal any disciplinary action involving dismissal.

These provisions do not authorize the Commission to grant monetary relief for violations of federal rights established by 42 U.S.C.A. § 1983 and 29 U.S.C.A. §§ 701, 706, 791 and 794. Marino requests such monetary relief here, thus raising justiciable is-

sues of liability and damages. Although in 1974 Marino might have chosen to challenge his dismissal by raising similar issues as defenses to that dismissal, the Commission had no jurisdiction at that time to resolve completely the federal statutory and constitutional claims Marino raises here.

Willoughby and Pueblo contend that the decision in *Umberfield v. School District No. 11*, 185 Colo. 165, 522 P.2d 730 (1974) controls this case. *Umberfield* held that the doctrine of *res judicata* constituted a bar to a petition filed with the Colorado Civil Rights Commission by a teacher who previously had been discharged pursuant to Colorado's Teacher Tenure Act, had appealed his termination, and had not sought judicial review of an administrative decision rejecting his appeal. The petition alleged a violation of § 80–21–6(2), C.R.S.1963 (1969 Perm.Supp.), of the Colorado Anti–discrimination Statute.

Because Umberfield did assert some claims of discrimination during the prior administrative proceedings, a majority of the court concluded that all his employment discrimination claims were barred by the doctrine of *res judicata*. The court concluded that the teacher tenure panel there involved had jurisdiction to consider all of Umberfield's discrimination claims. Furthermore, the Civil Rights Commission had no authority to award damages. Thus, had Umberfield raised his discrimination claims as defenses to his dismissal, and prevailed, he would have resolved completely all claims against the employer that could have been resolved by the Civil Rights Commission.

Here Marino did not raise either of his federal claims during the administrative proceedings, and the Commission did not have jurisdiction to resolve such claims. Moreover, even if Marino had presented to the Commission the grounds underlying the federal claims here asserted as defenses to his dismissal, a decision by the Commission to reinstate Marino could not have resolved

1. The parties have so stipulated. The applicability, if any, of the notice provisions of § 24–

10 109, C.R.S.1973, which may involve factual disputes, remains to be determined.

completely his claims for damages against Willoughby and Pueblo based on alleged violations of federal rights.

■ In the circumstances of this case, we conclude that the doctrine of res judicata does not bar Marino's federal claims. Therefore, we do not consider Marino's argument that, pursuant to *Lombard v. Board of Education*, 502 F.2d 631 (2d Cir. 1974), the state doctrine of *res judicata* is inapplicable to the particular federal claims asserted.

Judgment reversed and cause remanded for further proceedings.

RULAND, J., concurs.

VAN CISE, J., dissents.

VAN CISE, Judge, dissenting:

At the inception, I note that the motion for summary judgment was based on three grounds, (1) res judicata, (2) failure to comply with the notice provisions of § 24–10–109, C.R.S.1973, and (3) failure to state a claim, all of which were pled as affirmative defenses in the answer to the complaint. The trial court based its dismissal on (1). The majority has disposed of (1) and, in effect, (3), but (2) remains for further consideration on remand.

Based on *Umberfield v. School District No. 11*, 185 Colo. 165, 522 P.2d 730 (1974) and *Colorado Springs Coach Co. v. State of Colorado Civil Rights Commission*, 35 Colo. App. 378, 536 P.2d 837 (1975), *cert. denied*, 424 U.S. 948, 96 S.Ct. 1420, 47 L.Ed. 355 (1976), I would affirm the judgments in favor of both defendants on the basis of res judicata.

In June 1974, Marino was discharged because of emotional instability which rendered him unfit for the job of police officer. He appealed his discharge to the Pueblo Civil Service Commission. Marino and Willoughby (and through him the City) ap-

peared and were represented by counsel, and there was a full hearing on the basic question of whether Marino's discharge should be sustained or rejected.

At the hearing, Marino did not raise, but could have raised, the issues on which he has based his present lawsuit—whether his discharge was illegal because it was prohibited by certain state and federal statutes and was in violation of his constitutional rights. Had he raised these issues and prevailed, the Commission could have reversed the discharge, in which event he could have been reinstated and given back pay and benefits—which is the relief he is asking for in the present action.[1] Or, if for any reason (and I can think of none) he was prevented from raising these issues at the Commission hearing, he could have appealed the decision of the Commission to the district court and raised these issues there. This he did not do, and, instead, commenced this separate action four years later.

This case is analogous to the situation in *Umberfield, supra*, where, instead of appealing the administrative agency's decision to terminate his employment, the plaintiff filed a complaint with the Colorado Civil Rights Commission. In that case, after first holding that the doctrine of res judicata may be applied to administrative proceedings, the Court held that "the doctrine of res judicata operates as a bar to the relitigation of issues which Umberfield raised or could have raised in the hearing before the [teacher tenure panel] and on judicial review." *See also Norby v. City of Boulder*, 195 Colo. 231, 237, 577 P.2d 277, 281 (1978).

The issues, and the claims for damages, in Marino's complaint are the identical issues and claims which he could have raised before the Commission or before the district court had the Commission's decision been appealed. Hence, the doctrine of res judi-

1. In his complaint, the "monetary relief," the damages, he asked for was the money equivalent of what, had he not been discharged, he would have earned, from the date of his discharge through his active duty and retirement life expectancy, in salary (both in present and higher grade) and in other benefits such as health insurance, sick leave, vacation, and retirement, plus compound interest, or 'reinstatement together with back pay and benefits."

cata requires a dismissal of Marino's present action.

