Karen L. MORRISON,
Plaintiff-Appellee,

v.

SALIDA SCHOOL DISTRICT R–32–J,
Chaffee County, Colorado,
Defendant-Appellant.

No. 83CA1064.

Colorado Court of Appeals,
Div. I.

Dec. 20, 1984.

Rehearing Denied Jan. 17, 1985.

Certiorari Granted June 10, 1985.

Hobbs/Bethke & Associates, Larry F. Hobbs, William P. Bethke, Denver, for plaintiff-appellee.

Law Offices of Reese Miller, P.C., Kenneth A. DeLay, Reese Miller, Denver, Rush & Rush, Robert P. Rush, Salida, for defendant-appellant.

Lauren B. Kingsbery, Denver, for amicus curiae Colorado Ass'n of School Boards.

VAN CISE, Judge.

In this 42 U.S.C. § 1983 action, defendant, Salida School District R–32–J (the district), appeals the summary judgment and the orders entered in favor of plaintiff, Karen L. Morrison (Morrison), a non-tenured teacher whose contract was not renewed. We affirm.

In the spring of 1980, Morrison's contract was not renewed for the school year 1980–1981. In July 1980, she applied for unemployment compensation. A deputy granted her benefits on the ground that her employment had ended because of lack of work. The district appealed that decision.

An evidentiary hearing was then conducted by a referee for the division of employment and training. Morrison appeared in person and through her representative, and the district appeared through the high school principal, the superintendent of schools, and an employer representative. Following the hearing, the referee made the following findings and conclusions:

"The claimant was employed as an English teacher for the 1978–1979 and 1979–1980 school years at the Salida High School. She was paid at the rate of $11,600 per year and her supervisor was John Ophus, the principal.

"The principal recommended non-renewal of the claimant's contract for the 1980–1981 school year. He had received comments from other teachers in the school that the claimant was too outspoken for a new staff member. The principal had mentioned this to the claimant once during the first year of her employment, but at no other time. She was never given indication that her outspokenness might jeopardize her job. He had also been told that the claimant had expressed negative opinions as to the teaching guidelines set out by the local school district. However, there was no indication that she refused to follow the guidelines and he was satisfied with her teaching when he observed her in the classroom.

"The Referee finds that the claimant was discharged from her position because of her outspokenness. She was not given any indication that she was in danger of losing her job for this or any other reason. It is concluded, therefore, that this separation was the responsibility of the employer."

The referee then decided that Morrison was entitled to a full award of benefits. There was no further appeal by the district, and the referee's decision became final.

In 1982, Morrison brought the present action pursuant to 42 U.S.C. §§ 1983 and 1988. Claiming that her non-renewal for the school year 1980–1981 for "outspokenness" violated her constitutional right of freedom of speech, she sought compensatory and punitive damages, and an order for expungement of the record concerning the non-renewal of her contract or, alternatively, an "equitable order of reinstatement." She also asked for interest, costs, and attorney fees, "and such other relief as the court finds just, necessary, or appropriate."

In its answer, the district admitted the findings, conclusions, and decision of the referee were as above provided. As an affirmative defense, it alleged that the non-renewal of Morrison's contract was based on other factors and that the district would have reached the same decision even in the absence of any protected conduct.

Morrison moved for summary judgment as to liability based on the findings and decision of the referee, a copy of which she

attached to her motion. She asserted that the referee's findings collaterally estopped the district from relitigating the issue of the reason or cause for her non-renewal. The district filed a memorandum brief in opposition but submitted no affidavits, depositions, or other evidentiary material in support of its affirmative defense.

In March 1983, the trial court granted summary judgment as to liability in favor of Morrison. In July it entered an "order granting equitable relief," providing for back pay and reinstatement (on stated conditions) and denying immediate tenure status. In September it made an award of attorney fees and costs. Execution as to the award of back pay was stayed pending appeal. Stay of the order reinstating her to her position as a teacher was denied. This appeal followed.

## I.

█ Contrary to the contention of the district, we agree with the trial court that the district was collaterally estopped from relitigating the issue of why Morrison's contract was not renewed. This issue was fully litigated before the administrative agency, and its finding that she was not continued in her teaching position because of her "outspokenness" was not appealed. Therefore, that determination is conclusive of that issue in the present action. *See Wright v. People*, 690 P.2d 1257 (Colo. 1984); *Umberfield v. School District No. 11*, 185 Colo. 165, 522 P.2d 730 (1974); *Colorado Springs Coach Co. v. Civil Rights Commission*, 35 Colo.App. 378, 536 P.2d 837 (1975). *See also Pomeroy v. Waitkus*, 183 Colo. 344, 517 P.2d 396 (1973); *Jefferson County School District No. R–1 v. Industrial Commission*, 698 P.2d 1350 (Colo.App.1984).

█ Morrison presented a conclusive case that her contract was not renewed because of her "outspokenness" and a prima facie case that such "outspokenness" was protected by the First Amendment. *See Mt. Healthy City School District v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); *Durango School District No. 9–R v. Thorpe*, 200 Colo. 268, 614 P.2d 880 (1980). Accordingly, to avoid summary judgment in favor of Morrison, it was incumbent upon the district to show that Morrison's "outspokenness" was not constitutionally protected. *Mt. Healthy, supra; Durango School District, supra. See also Johnson v. Jefferson County Board of Health*, 662 P.2d 463 (Colo.1983). It did not do so. Instead, it relied on argument of counsel that the contract non-renewal was for constitutionally permissible reasons. Argument of counsel is not adequate to show that a genuine issue of fact exists. *Sullivan v. Davis*, 172 Colo. 490, 474 P.2d 218 (1970).

█ Since the district failed to show that a fact issue existed or that the contract non-renewal was for constitutionally permissible reasons, the trial court properly granted summary judgment in favor of Morrison on the issue of liability.

## II.

The trial court ordered the following equitable relief:

1. An award of back pay from the date of her termination, less all income received from other employment;

2. Reinstatement to a teaching position for the school years 1983–1984 and 1984–1985, with any dismissal at the end of the first year of reinstatement to be for good cause;

3. Reinstatement with the rights of a tenured teacher but not with the status of a tenured teacher such that, at the end of the 1984–1985 school year, her employment could be ended on criteria applicable to non-tenured teachers.

The court further ordered that, if Morrison is given a contract to continue teaching after the end of the second year of her reinstatement, she would thereby have tenure. Also, the court retained jurisdiction, with the right in either party to request a remedial hearing and, if the district elects

not to renew Morrison's contract, the court stated its intention to examine the decision to insure it was not related to this lawsuit.

The district claims that the order reinstating Morrison for two years with back pay and granting other equitable relief was excessive. We disagree.

█ In fashioning its order, the trial court balanced the competing interests of Morrison and the district. It considered Morrison's fears that she would be dismissed as punishment for bringing her lawsuit, and the district's interest in deciding who will be employed by it. In a case such as this, the "constitutional principle at stake is sufficiently vindicated if such an employee is placed in no worse a position than if [she] had not engaged in the conduct." *Mt. Healthy, supra.* The remedy fashioned by the trial court was appropriate. *Wright v. People, supra.*

Judgment and orders affirmed.

PIERCE and TURSI, JJ., concur.