Annie BOLLING, Plaintiff-Appellant,

v.

CITY & COUNTY OF DENVER, COLO-RADO, By and Through Mayor William McNICHOLS, the Denver City Council, Director of Building Maintenance Arron Lewis, H.J. Copland, Jr., and Sterling Keys, Defendants-Appellees.

No. 84–2145.

United States Court of Appeals,
Tenth Circuit.

May 7, 1986.

Annie Bolling, pro se.

Stephen H. Kaplan, City Atty., and Geoffrey S. Wasson, Asst. City Atty., the City and County of Denver, Denver, Colo., for defendants-appellees.

Before McKAY, SETH and SEYMOUR, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Plaintiff Annie Bolling sued the City and County of Denver and various public officials pursuant to 42 U.S.C. §§ 1981, 1983, and 2000e, *et seq.* (Title VII) (1982). Bolling claimed that defendants wrongfully terminated her employment as a custodial worker because of her race and sex. The district court granted defendants' motion

for summary judgment, concluding that Bolling's claims were barred under the doctrine of res judicata by a prior state court proceeding. We agree that Bolling's claims under sections 1981 and 1983 are precluded. We further hold that the Title VII claim is barred because it was not timely filed.

## I.

Before filing the instant federal action, Bolling appealed her termination to the Career Service Board of the City and County of Denver (the Board). The Board upheld the termination decision, finding that Bolling had neither performed her duties satisfactorily nor followed supervision. Bolling then obtained judicial review of the Board's decision by the state district court, which concluded that the Board's determination was supported by substantial evidence. Bolling's appeal to the Colorado Court of Appeals was dismissed as untimely. Bolling did not raise race or sex discrimination either at the Board hearing or in her state court suit.

The federal courts are required by the full faith and credit provision of 28 U.S.C. § 1738 (1982) to "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Exceptions to section 1738 are not recognized unless a later statute contains an express or implied partial repeal, *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 468, 102 S.Ct. 1883, 1890, 72 L.Ed.2d 262 (1982) (citing *Allen v. McCurrey*, 449 U.S. 90, 99, 101 S.Ct. 411, 417, 66 L.Ed.2d 308 (1980), and section 1983 does not create such an exception, *Migra*, 104 S.Ct. at 897–98. Although the "doctrine of collateral estoppel does not apply when the party against whom the earlier decision is assert-

ed did not have a 'full and fair opportunity' to litigate the claim or issue, ... state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause in order to qualify for the full faith and credit guaranteed by federal law." *Kremer*, 456 U.S. at 480–81, 102 S.Ct. at 1897.

In this case, it is uncontroverted that the Board had authority to hear claims of employment discrimination based on race or sex, and that Bolling could therefore have raised those claims in her Board hearing. Although state administrative determinations which have not been subject to state court review are not given preclusive effect, *see id.* at 470 n. 7, 102 S.Ct. at 1891 n. 7, Bolling pursued a judicial appeal of the Board determination in state court. Under controlling authority, Bolling is thus barred from raising claims she could have brought but failed to assert in the state proceedings if such claims would be precluded under Colorado law. *See Migna*, 104 S.Ct. at 898; *Krember*, 456 U.S. at 465 n. 4, 102 S.Ct. at 1889 n. 4.

Colorado gives preclusive effect to a state court judgment that reviews an administrative determination. *See Norby v. City of Boulder*, 195 Colo. 231, 577 P.2d 277, 280–81 (1978) (en banc). Moreover, when a party files an action under Colo.R. Civ.P. 106(a)(4) to review an administrative determination, as Bolling did here, Colorado "public policy requires the joinder of all of the petitioner's claims in one action." *Powers v. Board of County Commissioners*, 651 P.2d 463, 464 (Colo.Ct.App.1982); *see also Norby*, 577 P.2d at 281. Even if we were to assume that the Board was not authorized to grant Bolling all the monetary relief she seeks in her federal claims, she could have joined her claims for that relief in her state court proceeding and was required by Colorado public policy to do so.[1] *See id.*

---

1. The facts in the instant case are distinguishable from those in *Marino v. Willoughby*, 618 P.2d 728 (Colo.Ct.App.1980). In *Marino*, the plaintiff sought monetary damages under sec-

tion 1983 for the allegedly unconstitutional termination of his employment after an unsuccessful challenge to his dismissal before a Civil Service Commission. The Commission did not

Moreover, we agree with the district court's conclusion "that the de novo post-termination hearing before [the Board], complemented by judicial review in the state district court, were attended by sufficient procedural protections to assure that the plaintiff received all the process that was constitutionally required." Rec., vol. I, at 48. The Board hearing was an adversarial proceeding in which witnesses testified under oath and were subject to cross-examination. Bolling was represented by counsel there and in her state judicial review. Accordingly, we conclude that Bolling had a full and fair opportunity to litigate the claims she now seeks to assert and these claims are therefore barred.

## II.

■ We further conclude that Bolling's Title VII claim is barred because it was not filed within ninety days of receipt of the Equal Employment Opportunity Commission right-to-sue letter as required by 42 U.S.C. § 2000e–5(f)(1) (1982). Bolling received the right-to-sue letter September 16, 1980, but did not file a complaint in federal court until November 20, 1981, despite representation by two court-appointed attorneys. Bolling alleges no facts indicating specifically why a timely complaint was not filed other than an assertion that her attorneys mishandled her case. She does not contend that defendants or the courts lulled her into inaction, or that she has in some extraordinary way been prevented from asserting her rights. In sum, Bolling presents no grounds justifying the application of equitable tolling of the limitation period. *See Wilkerson v. Siegfried Insurance Agency, Inc.,* 683 F.2d 344, 347–48 (10th Cir.1982); *Carlile v. South Routt School District,* 652 F.2d 981, 985–86 (10th Cir.1981). *Accord Martinez v. Orr,* 738 F.2d 1107, 1110–1111 (10th Cir.1984).

AFFIRMED.

have the authority to grant such relief, and the plaintiff did not assert his constitutional claims in that proceeding. However, in *Marino* the plaintiff did not appeal the administrative determination through a state court action in which he could have presented his federal claims. A

plaintiff need not seek judicial review of administrative proceedings, but if he does, Colorado requires that his "constitutional and statutory challenges must be litigated in one action ...." *Powers v. Board of Commissioners,* 651 P.2d 463, 464 (Colo.Ct.App.1982).